**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:  TIKTOK, INC., CONSUMER PRIVACY LITIGATION | ) ) | MDL No. 2948-A |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) ) | Master Docket No. 24 C 2110 |
| This Document Relates to: | ) ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Bravo v. TikTok, Inc.            23 C 225 | ) | |
| Murphy v. TikTok, Inc.          23 C 504 | ) | |
| Buckley v. TikTok, Inc.          23 C 841 | ) | |
| Tado v. TikTok, Inc.             23 C 1430 | ) | |
| Recht v. TikTok Inc.             23 C 2248 | ) | |
| Fleming v. TikTok, Inc.          23 C 2260 | ) | |
| E.K. v. TikTok Inc.              23 C 2262 | ) | |
| Androshchuk v. TikTok, Inc.  23 C 2462 | ) | |
| Albaran v. TikTok, Inc.          23 C 2463 | ) | |
| G.R. v. TikTok, Inc.             23 C 2464 | ) | |
| Moody v. TikTok, Inc.           23 C 2465 | ) | |
| Schulte v. TikTok, Inc.          23 C 2466 | ) | |
| Fugok v. TikTok, Inc.            23 C 2467 | ) | |

## <u>ORDER APPOINTING PLAINTIFFS' STEERING COMMITTEE</u>

This matter began as Multi-District Litigation ("MDL") No. 2948, in which plaintiffs sued TikTok for data privacy violations.  MDL 2948 was terminated in August 2022 on the basis of a settlement.  After the case had been closed, and the presiding judge (Judge John Lee) was appointed to the Court of Appeals for the Seventh Circuit, new class actions were filed, alleging additional claims arising out of TikTok's collection of user data through its "in-app browser" (referred to as the "IAB" claims).  Several of the Plaintiffs sought consolidation of these IAB claims in a separate MDL, but the JPML instead directed that the cases be transferred to MDL 2948, now reassigned to the undersigned judge.  The parties disputed whether the new cases were subject to dismissal pursuant to the earlier settlement; the court has for the time being resolved the issue in favor of Plaintiffs and concluded that the newly filed cases can proceed in this MDL, redesignated as MDL 2948-A.[1]

The legal and technical issues to be litigated in MDL 2948-A may well be complex, but the raw number of filings is modest.  There are 13 cases currently pending before the court (all of them proposed class actions).  Plaintiffs' counsel in those cases have conferred and have agreed on a leadership structure that includes attorneys involved in every one of the member cases.  Those attorneys now move [319] for appointment of a Plaintiffs' Steering Committee ("PSC") comprised of: Roland Tellis of Baron & Budd, P.C., as Chair of the PSC; along with Carey

---

[1] The relevant history is explained in more detail in previous orders (see the JPML's April 7, 2023 ruling at 2023 WL 2875731, this court's order directing briefing on the question of whether "in-app browser" claims are barred by the prior settlement [306], and this court's January 25, 2024 Memorandum Opinion and Order [316]).

Alexander of Scott & Scott Attorneys at Law LLP; Stephen R. Basser of Barrack, Rodos & Bacine; Kate M. Baxter-Kauf of Lockridge Grindal Nauen PLLP; James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C.; Israel David of Israel David LLC; MaryBeth V. Gibson of Gibson Consumer Law Group, LLC; Tyler S. Graden of Kessler, Topaz, Meltzer, & Check, LLP; John Herman of Herman Jones LLP; Michael R. Reese of Reese LLP; and Bryan P. Thompson of Chicago Consumer Law Center, P.C. Each lawyer in the proposed slate (or a representative from their firm) appeared at the hearing and made brief statements concerning their experience and commitment. Defendants' counsel represented at the hearing that they took no position on Plaintiffs' motion for appointment of the PSC.

Because all of the cases consolidated in this MDL are putative class actions, the court may exercise its discretion to "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). Class counsel appointed under Rule 23(g) must "fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(4). While Rule 23(g)(3) does not specify the criteria for selecting interim counsel, courts generally use the same factors that apply to the selection of class counsel. *See In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prod. Liab. Litig.*, MDL No. 3078, 2023 WL 5878523, at *1 (E.D. Wis. July 18, 2023). *See also* MANUAL FOR COMPLEX LITIGATION (FOURTH) ¶¶ 10.224; 22.62. Under these standards, the court must consider (i) the work performed by counsel to date in the action, (ii) counsel's relevant experience, (iii) their knowledge of the applicable law, and (iv) the resources they will commit, and may also consider "any other matter pertinent" to their ability to represent the class. FED. R. CIV. P. 23(g)(1)(A)–(B).

Having reviewed the Plaintiffs' submissions, the court grants their motion for appointment of the PSC. Many members of the proposed PSC have already invested time and effort litigating on behalf of the proposed classes by collaborating to oppose TikTok's efforts to dismiss the IAB claims on the basis of the prior settlement in MDL 2948. All of the proposed PSC members' written submissions and oral presentations demonstrate that they are capable and experienced attorneys who will responsibly and fairly represent all Plaintiffs in the putative classes. Their submissions confirm their recognition of the need for efficiency, for counsel who have the financial and professional resources necessary to pursue complex and potentially costly litigation, and for diversity of backgrounds, geography, abilities, and experience.

The court is mindful that the majority of the proposed PSC are lawyers with substantial past MDL experience. That experience is valuable. The court also recognizes the need for involvement of lawyers who have not yet had such experience but are eager to develop their skills. The PSC will be expected to demonstrate sensitivity to this issue and ensure active and meaningful involvement on the part of less-experienced lawyers and of lawyers of diverse backgrounds.

As proposed in their motion, the PSC will be responsible for overseeing all aspects of this MDL, including (i) steering the overall litigation; (ii) presenting arguments to the court; (iii) preparing all briefing; (iv) managing all discovery; (v) convening meetings of counsel; (vi) pursuing and conducting settlement negotiations; and (vii) all communications with the court. All communications from Plaintiffs with the court shall be made by Roland Tellis, who will serve as Chair of the PSC, or by his designee. The court understands Mr. Tellis and his colleagues will promptly negotiate a stipulation regarding pretrial scheduling matters for submission to the court.

This appointment shall be for a one-year period and will expire on March 15, 2025. Counsel will be free to apply for reappointment when their term expires.

ENTER:

Dated:  March 15, 2024

_____
REBECCA R. PALLMEYER
United States District Judge