UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION | MDL Docket No. 2948 |
| | Master Docket No. 20 c 4699 |
| This Document Relates to:<br>Case No. 1:22-cv-07256 | Judge Rebecca R. Pallmeyer |

## NOTICE OF TAG-ALONG ACTION

Pursuant to the Court Case Management Order No. 1 (Dkt. No. 4), Defendant TikTok, Inc. ("TikTok") gives notice of the following tag-along action filed in this District:

1. *Cinnamon Smith et al. v. TikTok Inc. et al.*, No. 1:23-cv-00134-TMD-SRH (N.D. Ill.), filed January 10, 2023.

This action contains questions of fact and law that are common to the actions assigned to MDL No. 2948 pending before the Court. Like the actions in this MDL, the *Smith* action alleges that defendants TikTok, Inc. and ByteDance, Inc. "track users' every move as they browse the Internet from within the TikTok app." Complaint ¶ 1. Pursuant to Case Management Order No. 1, the *Smith* action should therefore be automatically consolidated with this multidistrict litigation for pretrial purposes. *See* Dkt. No. 4 at ¶ 2 ("Any 'tag-along actions' later filed in, removed to or transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motions or orders.").

In addition, the class settlement agreement previously approved by the Court in this MDL includes a release for claims "arising from or related to the Civil Actions or the collection and use of any user data." Dkt. No. 261 at 12 n.6 (Jul. 28, 2022). Indeed, in approving the settlement, Judge Lee recognized that claims alleging improper collection of browsing information through the app (like the claims asserted in the tag-

along action) may be susceptible to dismissal because TikTok's "terms of service and privacy policy … disclose the ways in which Defendants collect, use, and share data and information submitted by App users," such as "browsing and search history (including content you have viewed in the [App])." *Id.* at 50-51 & n.26.

Moreover, this tag-along action is subject to the Court's injunction prohibiting further litigation of claims covered by the settlement:

> <u>No Further Litigation</u>. All members of the Class who did not make a valid request for exclusion in the time and manner provided in the Class Notice, or as otherwise set forth in the Final Approval Order, are barred from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Defendants' Released Parties based upon, relating to, or arising out of, any of the Released Claims.

Dkt. No. 264 at 9 ¶ 24 (Aug. 22, 2022). The Court also retained "continuing jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, and this Final Order and Judgement." *Id.* at 10 n.27.

For all these reasons, the tag-along action is properly transferred to and consolidated with MDL No. 2948.

Separately, for the same reasons as those stated in TikTok Inc.'s Response to Minute Order regarding *Rahn v. TikTok Inc.*, No. 1:22-cv-07256 (N.D. Ill.), filed January 11, 2023, *Smith* should be stayed pending the parties' informal discussions and the outcome of the JPML hearings on these new matters. *Smith*, like the other new matters pending at the JPML, is nearly identical to *Rahn*, and should likewise be stayed while those procedural matters are resolved.

-3-

Dated:  January 13, 2023     By: */s/ Anthony J Weibell*

                                                    Anthony J Weibell
                                                    WILSON SONSINI GOODRICH & ROSATI
                                                    Professional Corporation
                                                    650 Page Mill Road
                                                    Palo Alto, CA 94304-1050
                                                    Telephone:  (650) 493-9300
                                                    Facsimile:   (650) 565-5100
                                                    Email: aweibell@wsgr.com

                                                    *Lead Counsel for all Defendants*
                                                    in MDL No. 2948

## **PROOF OF SERVICE**

      I hereby certify that on January 13, 2022, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Filing System on this date.

Dated:  January 13, 2023         By: *Anthony J Weibell*