## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, <br><br> This Document Relates to: ALL CASES | MDL Docket No. 2948 <br><br> Master Docket No.: 1:20-cv-04699 <br><br> Hon. Rebecca R. Pallmeyer |

### PLAINTIFF AUSTIN RECHT'S STATUS REPORT

Counsel for the first-filed *In-App Browser* Plaintiff, Austin Recht ("Plaintiff Recht"), hereby submits a status report pursuant to this Court's Orders dated January 17, 2023 (ECF No. 285) and February 15, 2023 (ECF No. 290).

As this Court is aware, the Joint Panel on Multidistrict Litigation ("JPML") recently denied Plaintiff Recht's Motion to Transfer 17 newly-filed *In-App Browser* Actions to a new MDL. MDL No. 3067, ECF No. 64 (the "JPML Order"). Instead, the JPML transferred all the *In-App Browser* Actions to this MDL 2948 (the "*Biometric Data* MDL") for adjudication. Accordingly, as of the date of this filing, all the *In-App Browser* Actions are now pending before this Court.

The JPML Order makes clear that "the initial question will be whether the claims asserted in [the *In-App Browser* Actions] were released pursuant to the MDL No. 2948 settlement." MDL No. 3067, ECF No. 64 at 3. Then, if "some or all of the claims survive, the *In-App Browser* Actions may proceed before [this Court] as part of MDL No. 2948." *Id*.

Plaintiff Recht respectfully suggests that the most efficient way to resolve the "initial question" would be to hold a scheduling conference to establish a briefing schedule and structure for addressing Defendant TikTok's anticipated motion to dismiss. The schedule and structure

1

should provide a fair opportunity for *all* plaintiffs to participate in the briefing, including the new *In-App Browser* Plaintiffs.

As argued in the briefing on Plaintiff Recht's Motion to Transfer, the *In-App Browser* Actions and the *Biometric Data* MDL contain materially different claims and allegations. At their core, the *In-App Browser* Actions concern TikTok's ongoing, secret, and dynamic data harvesting efforts that occur while users access third-party websites. Whereas the core of the *Biometric Data* MDL—as the JPML Panel found—concerns the scanning, capture, retention, and dissemination of the facial geometry and other biometric information of the app users. Additionally, the *Biometric Data* MDL settlement class period is confined to conduct and injuries occurring before September 30, 2021, while the *In-App Browser* Actions seek relief for conduct and injuries that continue to this day. Accordingly, the facts and law compel a finding that the *In-App Browser* Actions were not released under the settlement of the *Biometric Data* MDL.

Additionally, inasmuch as plaintiffs in the *Biometric Data* MDL have settled their claims and all member cases have been "terminated" (*See* ECF No. 280), Plaintiff Recht also respectfully requests that this Court re-visit Case Management Order No. 3 ("CMO No. 3") in this MDL 2948 appointing *interim* co-lead counsel, liaison counsel and steering committee members (ECF No. 94) and invite application for leadership positions from counsel for the *In-App Browser* Plaintiffs, pursuant to the procedures established in CMO Nos. 1 and 2 (ECF Nos. 4 and 24), and Federal Rule 23(g). *See, e.g., In re Fairlife*, 2020 WL 362788 at *3 (appointing co-lead interim class counsel "for a term of one year, renewal upon application 30 days prior to the expiration of their current term"); *In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Prods. Liab. Litig.*, C.D. Cal. Case No. 8:22-ml-03052-JVSs-KES, ECF No. 50

(adopting a leadership structure but noting that the court "will review the leadership structure from time to time as the docket proceeds"). Plaintiff Recht's request conforms with the best practices for leadership appointments in MDLs which, like this one, evolve over time:

> The transferee judge should also keep in mind that leadership needs may change over time. As the case progresses, it may be appropriate to add attorneys to a committee who have been particularly dedicated to the litigation [or] to appoint counsel or committees to serve specific purposes that the judge and parties did not anticipate at the commencement of the litigation.

BOLCH JUDICIAL INST., GUIDELINES AND BEST PRACTICES FOR LARGE AND MASS-TORT MDLS, 31 (2d ed. 2018). "In determining the appropriate leadership structure, the type of cases included in the MDL is often the *most* important consideration." *Id*. at 30. CMO No. 3 appointing *interim* class counsel was issued at a time when the main thrust of the allegations in this MDL focused on the collection of biometric data. None of those cases included in-app browser allegations like the ones that are now before this Court.

Accordingly, the undersigned counsel respectfully requests the opportunity to address the Court with respect to a briefing schedule and proposal for a modified leadership structure that will fairly represent all of the cases in this MDL, including the new *In-App Browser* cases.

Dated: April 21, 2023

Respectfully submitted,

By: */s/ Roland Tellis*
Roland Tellis

BARON & BUDD, P.C.
Roland Tellis (SBN 186269)
Sterling Cluff (SBN 267142)
David Fernandes (SBN 280944)
Shannon Royster (SBN 314126)
Jay Lichter (SBN 266960)
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: 818-839-2333

*Counsel for Plaintiff Austin Recht*

**CERTIFICATE OF SERVICE**

In compliance with Rule 5.5(a) of Local Rules, I hereby certify that a true and correct copy of Plaintiff Austin Recht's Status Report was electronically filed via CM/ECF and was served on all parties via CM/ECF on April 21, 2023, and via United States first-class mail, postage prepaid, on April 21, 2023, upon the following:

| | |
|---|---|
| Douyin Ltd. a/k/a ByteDance Ltd.<br>Room 503 5F Building 2<br>43 North Third Ring West Road<br>Beijing, 100086 China | Beijing Douyin Information Service Co. Ltd.<br>a/k/a ByteDance Technology Co. Ltd.<br>Room 10A, Building 2, No. 48,<br>Zhichun Road<br>Beijing, 1000098 China |

Dated: April 21, 2023

Respectfully submitted,

By: */s/ Roland Tellis*
BARON & BUDD, P.C.
Roland Tellis
rtellis@baronbudd.com
Sterling Cluff
scluff@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
Jay Lichter
jlichter@baronbudd.com
Shannon Royster
sroyster@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
Facsimile: 818-986-9698

Counsel for Plaintiff