IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>Case Nos. 1:22-cv-07256<br>           1:23-cv-00134<br>           1:23-cv-00225<br>           1:23-cv-00504<br>           1:23-cv-00841<br>           1:23-cv-01430 | MDL No. 2948<br><br>Master Docket No. 20-cv-04699<br><br>Judge Rebecca R. Pallmeyer |

**JOINT STATUS REPORT**

Pursuant to the Court's minute entries dated January 17, and February 15, 2023 (ECF Nos. 285, 290), TikTok Inc., Plaintiff Nate Rahn, Plaintiff Cinnamon Smith, Plaintiff Alison Paige, Plaintiff Marrchelle Tanzymore, Plaintiff Carolyn Smith, Plaintiff Anibeth Bravo, Plaintiff Katie Murphy, Plaintiff Artemis Buckley and Plaintiff Melanie Tado hereby jointly file this status report.

    A. **The JPML Ruling and the Transferred Actions**

    1.    On April 7, 2023, following a hearing held March 30, 2023, the JPML issued an order (attached hereto as **Exhibit A**) (the "**JPML Order**") transferring five actions that were filed against TikTok in late 2022 to this District pursuant to 28 U.S.C. § 1407, and ordering the actions be assigned to this Court to "proceed … as part of MDL No. 2948" (the "Transferred Actions"). *In re: TikTok Inc., Consumer Priv. Litig.*, No. 1:20-cv-04699 (MDL No. 2948) (N.D. Ill.), ECF No. 293. Each of the Transferred Actions involves allegations that TikTok violated the Federal Wiretap Act and related laws by allegedly "track[ing] users' activities on third-party websites" via its "in-app

browser." JPML Order at 1. The JPML held that the Transferred Actions "share common questions of fact with the actions previously transferred to MDL No. 2948." JPML Order at 3.

### B. The Related Actions Pending in this District

2. There are currently six additional, related cases pending in this District that involve substantially the same privacy claims regarding TikTok's alleged collection of user data via its in-app browser, which were not included as part of the JPML Order because they are already in this District (collectively, the "**N.D. Ill. Related Actions**"):

- *Rahn v. TikTok Inc.*, No. 1:22-cv-07256 (N.D. Ill. filed Dec. 27, 2022);
- *Smith v. TikTok Inc.*, No. 1:23-cv-00134 (N.D. Ill. filed Jan. 10, 2023);
- *Bravo v. TikTok Inc.*, No. 1:23-cv-00225 (N.D. Ill. filed Jan. 13, 2023);
- *Murphy v. TikTok Inc.*, No. 1:23-cv-00504 (N.D. Ill. filed Jan. 26, 2023);
- *Buckley v. TikTok Inc.*, No. 1:23-cv-00841 (N.D. Ill. filed Feb. 10, 2023); and
- *Tado v. TikTok Inc.*, No. 1:23-cv-01430 (N.D. Ill. filed Mar. 8, 2023).

3. Pursuant to Case Management Order No. 1 in this MDL (ECF No. 4), shortly after each of these cases was filed, TikTok Inc. filed Tag-Along Notices with this Court identifying each as involving "questions of fact or law that are common to the actions assigned to MDL." ECF Nos. 281 (*Rahn* Notice), 284 (*Smith* Notice), 286 (*Bravo* Notice), 287 (*Murphy* Notice), 291 (*Buckley* Notice), 292 (*Tado* Notice).

4. As stated in Case Management Order No. 1, "[a]ny 'tag-along actions' later filed in, removed to or transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motions or orders." But to date, the Court has not yet initiated an intra-district transfer of the N.D. Ill. Related Actions to this MDL.

5. Consistent with the JPML Order and the Court's Case Management Order No. 1, the parties jointly agree and request that all of the N.D. Ill. Related Actions be promptly assigned to this Court for pretrial purposes.

C. **The Related Actions Subject to CTO-6**

6. In addition to the Transferred Actions and the N.D. Ill. Related Actions, there are six more related cases currently pending *outside* the Northern District of Illinois ("**CTO-6 Related Actions**"):

- *Androshchuk v. TikTok Inc.*, No. 2:23-cv-00108 (C.D. Cal. filed Jan. 9, 2023);
- *Albaran v. TikTok Inc.*, No. 2:23-cv-00486 (C.D. Cal. filed Jan. 23, 2023);
- *G.R. v. TikTok Inc.*, No. 2:23-cv-00509 (C.D. Cal. filed Jan. 23, 2023);
- *Schulte v. TikTok Inc.*, No. 1:23-cv-00362 (N.D. Ga. filed Jan. 24, 2023);
- *Moody v. TikTok Inc.*, No. 2:23-cv-01075 (C.D. Cal. filed Feb. 13, 2023); and
- *Fugok v. TikTok Inc.*, No. 2:23-cv-00779 (E.D. Pa. filed Feb. 28, 2023).

7. Shortly after the JPML Order transferring and assigning the Transferred Actions to this Court, the JPML issued a new Conditional Transfer Order No. 6 ("**CTO-6**") conditionally transferring the CTO-6 Related Actions to this Court. *See In re: TikTok, Inc., Consumer Priv. Litig.*, MDL No. 2948 (J.P.M.L. Apr. 11, 2023), ECF No. 158, *filed in this Court*, No. 1:20-cv-04699 (N.D. Ill., Apr. 19, 2023), ECF 294. The JPML set a deadline of April 18, 2023, for any party to file an opposition to CTO-6. *See In re: TikTok, Inc., Consumer Priv. Litig.*, MDL No. 2948 (J.P.M.L. Apr. 11, 2023), ECF No. 159.

8.     No opposition has been filed. On April 19, 2023, the JPML issued a second order transferring the CTO-6 Related Actions to this Court, which will be effective as soon as that order is filed with the Clerk of the Court in this District. *See In re: TikTok, Inc., Consumer Priv. Litig.*, MDL No. 2948 (J.P.M.L. Apr. 11, 2023), ECF No. 160.

9.     Accordingly, TikTok anticipates that the CTO-6 Related Actions will likewise be transferred to this Court in short order.

*     *     *

10.     In sum, for the reasons set forth herein, the parties jointly agree and request that the Court promptly transfer the following N.D. Ill. Related Actions to MDL No. 2948 for pretrial purposes:

- *Rahn v. TikTok Inc.*, No. 1:22-cv-07256 (N.D. Ill. filed Dec. 27, 2022);
- *Smith v. TikTok Inc.*, No. 1:23-cv-00134 (N.D. Ill. filed Jan. 10, 2023);
- *Bravo v. TikTok Inc.*, No. 1:23-cv-00225 (N.D. Ill. filed Jan. 13, 2023);
- *Murphy v. TikTok Inc.*, No. 1:23-cv-00504 (N.D. Ill. filed Jan. 26, 2023);
- *Buckley v. TikTok Inc.*, No. 1:23-cv-00841 (N.D. Ill. filed Feb. 10, 2023); and
- *Tado v. TikTok Inc.*, No. 1:23-cv-01430 (N.D. Ill. Mar. 3, 2023).

Respectfully submitted,

DATED: April 21, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ Anthony J Weibell*

Anthony J Weibell
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

                                          Facsimile:   (650) 565-5100
                                          Email: aweibell@wsgr.com

*Lead Counsel for all Defendants in MDL No. 2948*

Dated: April 21, 2023             */s/ Jonathan M. Jagher*
                                          Jonathan M. Jagher
                                          FREED KANNER LONDON & MILLEN LLC
                                          923 Fayette Street
                                          Conshohocken, PA 19428
                                          610.234.6486
                                          jjagher@fklmlaw.com

                                          Katrina Carroll
                                          LYNCH CARPENTER, LLP
                                          111 W. Washington St. Suite 1240
                                          Chicago IL 60602
                                          312.750.1265
                                          katrina@lcllp.com

                                          Gary M. Klinger
                                          MILBERG COLEMAN BRYSON
                                          PHILLIPS GROSSMAN, PLLC
                                          227 W. Monroe Street, Suite 2100
                                          Chicago, Illinois 60606
                                          Telephone: (866) 252-0878
                                          gklinger@milberg.com

*Counsel for Plaintiff Nate Rahn*

Dated: April 21, 2023             */s/ Jeff Ostrow*
                                          Jeff Ostrow
                                          Steven P. Sukert
                                          Jonathan M. Streisfeld
                                          KOPELOWITZ OSTROW FERGUSON
                                          WEISELBERG GILBERT
                                          One West Las Olas Blvd., Suite 500
                                          Fort Lauderdale, FL 33301
                                          Telephone: (954) 525-4100
                                          ostrow@kolawyers.com
                                          sukert@kolawyes.com
                                          streisfeld@kolawyers.com

*Counsel for Plaintiffs Cinnamon Smith, Alison Paige, Marrchelle Tanzymore and Carolyn Smith*

Dated: April 21, 2023          <u>*/s/ Michael R. Reese*</u>
Michael R. Reese
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesellp.com

Kevin Laukaitis
LAUKAITIS LAW FIRM LLC
737 Bainbridge Street #155
Philadelphia, PA 19147
klaukaitis@laukaitislaw.com

*Counsel for Plaintiff Anibeth Bravo*

Dated: April 21, 2023          <u>*/s/ Bryan Paul Thompson*</u>
Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

*Counsel for Plaintiff Katie Murphy*

Dated: April 21, 2023          <u>*/s/ Kyle J. Pozan*</u>
Karen Hanson Riebel (MN # 0219770)
Kate M. Baxter-Kauf (MN # 392037)
Kyle J. Pozan (IL Bar No. 6306761)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com
kjpozan@locklaw.com

*Counsel for Plaintiff Artemis Buckley*

Dated: April 21, 2023 /s/ *Yitzchak Zelman*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
yzelman@marcuszelman.com

MaryBeth V. Gibson
THE FINLEY FIRM, P.C.
3535 Piedmont Rd.
Building 14, Suite 230
Atlanta, GA 30305
Phone: (404) 978-6971
Fax: (404) 320-9978
mgibson@thefinleyfirm.com

*Counsel for Plaintiff Melanie Tado*

# EXHIBIT A
# to Joint Status Report

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: TIKTOK, INC., CONSUMER PRIVACY
LITIGATION                                                                                          MDL No. 2948

### TRANSFER ORDER

    **Before the Panel**: Plaintiffs in five actions listed on Schedule A move under Panel Rule 7.1 to vacate the orders conditionally transferring the actions to the Northern District of Illinois for inclusion in MDL No. 2948. Defendant TikTok Inc., on behalf of itself and its affiliates[1] (collectively, TikTok), opposes the motions.

    The actions initially centralized in MDL No. 2948 involved allegations that TikTok, through its popular social networking app, engaged in "the scanning, capture, retention, and dissemination of the facial geometry and other biometric information of users of the app." *In re TikTok, Inc., Consumer Privacy Litig.*, 481 F. Supp. 3d 1331, 1331 (J.P.M.L. 2020). The litigation was assigned to Judge John Z. Lee in the Northern District of Illinois. The MDL appears to have expanded in scope after centralization to include claims that the TikTok app captured certain additional types of data.[2] On July 28, 2022, the court approved a class settlement that resolved the then-pending actions. The actions now before the Panel were filed in the Fall of 2022 and involve allegations that the web browser within the TikTok app (the "in-app browser") tracks users' activities on third-party websites and captures all data entered on such websites through JavaScript code inserted by the browser. Plaintiffs assert claims under the Federal Wiretap Act or state anti-wiretapping statutes, as well as claims for violation of state data privacy and consumer protection laws and common-law claims for invasion of privacy or unjust enrichment.

---

[1] Bytedance Inc., Beijing Douyin Information Service Co. Ltd. a/k/a ByteDance Technology Co. Ltd; and Douyin Ltd. a/k/a ByteDance Ltd. also are named in one or more of the five actions.

[2] *See, e.g.,* Consol. Am. Class Action Compl. in *In re TikTok, Inc., Consumer Privacy Litig.*, No. 1:20-cv-4699, ECF doc. 114, ¶ 156 (N.D. Ill. Dec. 18, 2020) (alleging that TikTok used automated software and other technologies to harvest users' private, non-public, and confidential data and information, including usernames, passwords, ages, birthdates, e-mail addresses, profile images, messages sent through the app, phone and social network contacts, and "browsing histor[ies]").

Case: MDL No. 2948 Document: 157 Filed: 04/24/2023 Page: 2 of 5
Case: 1:24-cv-10211 Document #: 19 Filed: 07/24/24 Page 10 of 13 PageID #:57

- 2 -

In opposing transfer to MDL No. 2948, plaintiffs argue that their actions involve questions of fact and legal claims distinct from those involved in the MDL. Quoting the language of the order centralizing MDL No. 2948, plaintiffs contend that the MDL included only claims relating to biometric data collected through the video-sharing functions of the app and did not encompass the claims asserted in the in-app browser actions. They further argue that their claims relate to conduct by TikTok that was not disclosed until after the class settlement in MDL No. 2948 had been approved and that the in-app browser claims consequently could not have been raised, or resolved, in the MDL. Plaintiffs maintain that their in-app browser actions should not be included in MDL No. 2948, but instead should be centralized separately, along with similar in-app browser actions, as a new MDL.[3] In response, TikTok points to language in the MDL No. 2948 consolidated class complaint, the settlement agreement, and the orders approving the MDL settlement,[4] and argues that the MDL, and the settlement approved therein, included claims relating to *all* data that TikTok allegedly collected through the app without users' consent.

The question of whether the in-app browser actions were resolved by the MDL class settlement goes to the merits of the actions and is not before us. *See, e.g., In re Uber Technologies Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1353-54 (J.P.M.L. 2018) ("[A]n assessment of the merits of the actions is beyond the Panel's authority"). Instead, determining whether the in-app browser actions fall within the scope of the MDL settlement is a task properly left to the transferee court. We repeatedly have held that "[a]ctions involving matters relating to a settlement reached in an MDL are appropriate for transfer to that MDL under 28 U.S.C. § 1407." Transfer Order in *Morrison v. Blasingame Burch Garrard & Ashley, P.C.*, C.A. No. 1:17-00165 (E.D. Tenn.), MDL No. 2187, ECF doc. 2315 (J.P.M.L. Oct. 4, 2017) (denying motion to vacate CTO).[5] Transferee courts, too, have expressed a strong interest in

---

[3] Plaintiff in one of the five actions separately moved to centralize the in-app browser actions in the Central District of California. In an order issued concurrently with this order, we deny that motion. *See* Order Denying Transfer in *In re TikTok In-App Browser Consumer Privacy Litig.*, MDL No. 3067 (J.P.M.L. Apr. 7, 2023).

[4] For example, the settlement agreement in the MDL provides that the "Released Claims" include "any and all claims . . . whether known or unknown . . . arising from or related to . . . the collection and use of any user data . . . on any grounds whatsoever . . . that were or could have been, or could be asserted by the Releasing Parties." *See* Settlement Agt. in *In re TikTok*, *supra*, ECF doc. 122-1, ¶ 2.30 (N.D. Ill. Feb. 25, 2021).

[5] *See also* Transfer Order in *Hernandez v. Nat'l Football League, et al.*, C.A. No. 1:17-12244 (D. Mass.), MDL No. 2323, ECF doc. 704 (J.P.M.L. Feb. 1, 2018) (denying motion to vacate CTO; whether plaintiff was a member of the settlement class in the MDL "will require interpretation of the MDL . . . settlement agreement—a task most appropriate for the transferee court, which approved the settlement"); Transfer Order in *Murphy v. Biomet, Inc., et al.*, C.A. No. 1:15-492 (N.D. Ohio), MDL No. 2391, ECF doc. 917 (J.P.M.L. June 8, 2015) (denying motion to vacate CTO; noting that "disputes about the settlement agreement" in an MDL are properly transferred to the MDL court).

presiding over questions arising under settlements reached in their MDLs, to ensure that the settlements are interpreted in a consistent manner and properly enforced. *See, e.g., In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2011 WL 5900797, at *3 (E.D. La. Nov. 23, 2011) (declining to remand an action where "[t]he allegations in the Complaint implicate [the transferee] Court's supervision of the Master Settlement Agreement"). Indeed, the transferee court in MDL No. 2948 expressly retained jurisdiction over the interpretation and enforcement of the class settlement in its order and final judgment.

Plaintiffs argue that including the in-app browser actions in MDL No. 2948 would be inefficient because the MDL has largely concluded and Judge Lee, who certified the settlement class and approved the settlement in MDL No. 2948, no longer presides over the MDL.[6] They contend that Judge Rebecca R. Pallmeyer, to whom the MDL now is assigned, is no better situated than any other court to manage these claims. We are not persuaded by these arguments. The reassignment of the MDL to Judge Pallmeyer does not change the fact that the transferee court retained jurisdiction to interpret and enforce the settlement. Judge Pallmeyer has familiarized herself with the proceedings in MDL No. 2948, as well as with the factual allegations and legal claims in the in-app browser actions and the parties' positions regarding the actions' relationship to the MDL litigation. Moreover, discovery taken in the MDL may prove to be relevant to plaintiffs' claims and TikTok's defenses. For example, in its order granting preliminary approval of the MDL No. 2948 settlement, the transferee court noted that plaintiffs had taken and evaluated substantial discovery, including "the results of a weeks'-long, on-site inspection of TikTok's source code conducted by a world-renowned expert."[7]

Consequently, after considering the argument of counsel, we find that these actions share common questions of fact with the actions previously transferred to MDL No. 2948, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The initial question in the in-app browser actions will be whether the claims asserted in those actions were released pursuant to the MDL No. 2948 settlement. Should Judge Pallmeyer decide that some or all of the claims survive, the in-app browser actions may proceed before her as part of MDL No. 2948.

---

[6] Judge Lee was confirmed to the U.S. Court of Appeals for the Seventh Circuit in September 2022.

[7] *See In re TikTok, Inc., Consumer Privacy Litig.*, 565 F. Supp. 3d 1076, 1080 (N.D. Ill. Sept. 30, 2021).

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Rebecca R. Pallmeyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton     Matthew F. Kennelly
David C. Norton     Roger T. Benitez
Dale A. Kimball     Madeline Cox Arleo

IN RE: TIKTOK, INC., CONSUMER PRIVACY
LITIGATION                                                             MDL No. 2948

## SCHEDULE A

<u>Central District of California</u>

RECHT, ET AL. v. TIKTOK, INC., ET AL., C.A. No. 2:22-08613
ARROYO v. TIKTOK, INC., ET AL., C.A. No. 2:22-09300

<u>District of New Jersey</u>

FLEMING v. TIKTOK, INC., ET AL., C.A. No. 2:22-07370

<u>Southern District of New York</u>

E.K. v. TIKTOK, INC., ET AL., C.A. No. 7:22-10574

<u>Eastern District of Pennsylvania</u>

KOWALSKI v. TIKTOK, INC., ET AL., C.A. No. 2:22-04947