UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>*Bravo v. TikTok Inc.*, 23 C 225<br>*Murphy v. TikTok Inc.*, 23 C 504<br>*Buckley v. TikTok Inc.*, 23 C 841<br>*Tado v. TikTok Inc.*, 23 C 1430<br>*Recht v. TikTok Inc.*, 23 C 2248<br>*Fleming v. TikTok Inc.*, 23 C 2260<br>*E.K. v. TikTok Inc.*, 23 C 2262<br>*Androshchuk v. TikTok Inc.*, 23 C 2462<br>*Albaran v. TikTok Inc.*, 23 C 2463<br>*G.R. v. TikTok Inc.*, 23 C 2464<br>*Moody v. TikTok Inc.*, 23 C 2465<br>*Schulte v. TikTok Inc.*, 23 C 2466<br>*Fugok v. TikTok Inc.*, 23 C 2467 | MDL No. 2948-A<br><br>Master Docket No. 24 C 2110<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Sunil R. Harjani |

**STIPULATION AND ORDER
CONSOLIDATING CASES FOR ALL PURPOSES**

WHEREAS, the above-captioned 13 cases ("the IAB Cases") are currently pending before the Court pursuant to an order under 28 U.S.C. § 1407 from the United States Judicial Panel on Multidistrict Litigation ("JPML"), finding that these actions involve common questions of fact and that centralization in this Court will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary;

1

WHEREAS, pursuant to the rules of the JPML, any additional actions related to this MDL ("MDL No. 2948") that are considered "tag-along" actions will be transferred to this Court by the JPML;

WHEREAS, the Court has previously identified the IAB Cases as a distinct subset of MDL No. 2948 and designated the IAB Cases "MDL No. 2948-A"; and

WHEREAS, the IAB Cases arise out of the same transactions and occurrences and involve the same or substantially similar issues of law and fact, and, therefore, are related and should be consolidated under Federal Rule of Civil Procedure 42(a).

THEREFORE, IT IS STIPULATED AND AGREED by plaintiffs and defendants, through plaintiffs' Court-appointed leadership and defendants' counsel of record, subject to approval by the Court, as follows:

1. The IAB Cases are hereby consolidated into one action (the "IAB Action") for all pretrial purposes.

2. All related actions involving collection of data from TikTok users through the in-app browser ("IAB") feature of the TikTok App that are now pending, subsequently filed in, or transferred to, this District shall be consolidated into the IAB Action for all pretrial purposes. All actions that have been or will be transferred to this Court by the JPML as tag-along actions to MDL No. 2948 and that are related actions involving collection of data from TikTok users through the in-app browser ("IAB") feature of the TikTok App shall be consolidated into the IAB Action for all pretrial purposes.  This Order shall apply to every such consolidated action, absent further order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within ten (10) days after the date on which a copy of the Order is mailed to the party's counsel.

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, as permitted by law or otherwise for good cause shown.

4. The docket in Civil Action No. 24 C 2110 shall constitute the Master Docket for the IAB Action, and all papers hereafter filed in the IAB Action shall be filed on that docket

5. The IAB Action shall be captioned "In Re: TikTok Inc. In App Browser Privacy Litigation" and every pleading filed in the IAB Action, or in any separate action included herein, shall bear such caption.

6. When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the abbreviated case name of said action shall appear immediately after the words "This Document Relates To:" in the caption.

7. When a case that properly belongs as part of the IAB Action is filed in this District or transferred to this District by another court or by the JPML and assigned to this Court, the clerk of this Court shall:

   a. Place a copy of this Order in the separate file for such action;

   b. Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a copy of this Order;

   c. Direct that this Order be served upon or mailed to any new defendant(s) or their counsel in the newly-filed or transferred case; and

   d. Make an appropriate entry on the Master Docket.

8. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case that properly might be consolidated as part of this consolidated action.

762083678.2

9. On March 15, 2024, the Court issued an Order Appointing Plaintiffs' Steering Committee ("PSC") and PSC Chair. [Dkt. 2]

10. The PSC Chair, or other member of the PSC designated by the PSC Chair, shall have authority to speak for the PSC and all plaintiffs in the IAB Action in matters regarding pretrial and trial procedure and settlement negotiations. The PSC Chair shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

11. The PSC Chair shall be responsible for coordination of all activities and appearances on behalf of all plaintiffs and for the dissemination of notices and orders of this Court, including communication with and representation of all pro se plaintiffs whose actions have been consolidated. No plaintiff may file any document or serve any request for discovery in the IAB Action without authorization from the PSC Chair or leave of Court.

12. The PSC shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

13. Defendants' counsel may rely upon all agreements made with the PSC or the PSC Chair, and such agreements shall be binding on all plaintiffs.

14. On April 9, 2024, the PSC shall file and serve a single Master Consolidated Complaint that will supersede all existing complaints filed in the IAB consolidated actions and any IAB action subsequently consolidated with this action. Defendants need only respond to the Master Consolidated Complaint and any amendments thereto and need not respond to any other complaints filed in any IAB action consolidated by this Order.

IT IS SO STIPULATED.

762083678.2

Dated: March 19, 2024

**For Plaintiffs:**

/s/ *Roland Tellis*

Roland Tellis
Baron & Budd, P.C.
Chair, Plaintiffs' Steering Committee

**For Defendants:**

/s/ *Anthony J. Weibell*

Anthony J. Weibell
Mayer Brown LLP
Counsel for Defendants

**SO ORDERED** on this 9th day of April , 2024.

_____
 Hon. Rebecca R. Pallmeyer
 United States District Judge

# ATTACHMENT A

1. *Bravo v. TikTok Inc., 23* C 225

2. *Murphy v. TikTok Inc., 23* C 504

3. *Buckley v. TikTok Inc., 23* C 841

4. *Tado v. TikTok Inc., 23* C 1430

5. *Recht v. TikTok Inc., 23* C 2248

6. *Fleming v. TikTok Inc., 23* C 2260

7. *E.K. v. TikTok Inc., 23* C 2262

8. *Androshchuk v. TikTok Inc., 23* C 2462

9. *Albaran v. TikTok Inc., 23* C 2463

10. *G.R. v. TikTok Inc., 23* C 2464

11. *Moody v. TikTok Inc., 23* C 2465

12. *Schulte v. TikTok Inc., 23* C 2466

13. *Fugok v. TikTok Inc., 23* C 2467