**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: TIKTOK, INC. IN APP BROWSER PRIVACY LITIGATION** | **MDL 2948-A** |
| _____ | **Master Docket No. 24-cv-2110** |
| **This Document Relates to:** | |
| **ALL ACTIONS** | **Judge Rebecca R. Pallmeyer** |

**CASE MANAGEMENT ORDER REGARDING**
**PLAINTIFFS' COMMON BENEFIT TIME AND EXPENSE PROTOCOL**

On March 15, 2024, the Court entered an order appointing a Plaintiffs' Steering Committee ("PSC"), along with a PSC Chair, as Plaintiffs' leadership in this MDL. ECF No. 2 (the "Leadership Order"). On April 9, 2024, the Court entered an Order Consolidating Cases For All Purposes. ECF No. 45 (the "Consolidation Order").

The Court finds it appropriate to now set specific guidelines and rules for work performed and expenses incurred for the common benefit of all Plaintiffs in this MDL. Accordingly, the Court hereby adopts the following guidelines for the responsibilities and duties of the PSC and PSC Chair regarding the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. This Order is without prejudice to Defendants' right to object to any proposed fees, costs, or other provisions later in this proceeding. It is also without prejudice to review by a court with jurisdiction regarding the reasonableness of any fee request.

1

This Order also provides for the fair and equitable sharing among Plaintiffs' counsel of the burden of services performed and expenses incurred by attorneys acting for the common benefit of the proposed class(es).

### SCOPE OF THIS CASE MANAGEMENT ORDER

This Order applies to all cases pending, as well as to any case later filed in, transferred to, or removed to this Court, and treated as part of the coordinated proceedings known as *In re: TikTok, Inc. In App Browser Privacy Litigation*, MDL 2948-A.  For the sake of clarity, this Order applies only to MDL 2948-A, and not MDL 2948.

### CASE MANAGEMENT PROTOCOLS FOR COMMON BENEFIT WORK

The Court hereby adopts the following protocol for the management of case-staffing, timekeeping, expense reimbursement, and related issues.

The recovery of common benefit attorneys' fees and cost reimbursement is limited to "Participating Counsel." "Participating Counsel" shall be defined as the PSC (along with members and staff of their respective firms) and any other counsel expressly authorized by the PSC Chair to perform work that may be considered for common benefit compensation prior to incurring any such cost or expense.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of expenses only if the time expended, expenses incurred, and activity in question were: (a) for the common benefit of Plaintiffs and proposed class members; (b) timely submitted; (c) not duplicative and (d) reasonable in the determination of the PSC Chair and the Court or its designee ("Common Benefit Work").  The PSC Chair is empowered to engage a Certified Public Accountant ("CPA") to review and/or audit these submissions, if necessary.

The PSC Chair will be responsible for collecting and reviewing monthly common benefit

time and expense submissions from Participating Counsel and informing Participating Counsel prior to the filing of a fee application if their submissions do not comply with the directives set forth in this Order. The PSC Chair will coordinate and oversee Participating Counsel's common benefit work and reasonably allocate any Court awarded attorney's fees recovered in this action.

If Participating Counsel are unsure if the work they desire to undertake is considered Common Benefit Work, as defined herein, they shall ask the PSC Chair in advance as to whether such time may be compensable and make reasonable efforts to reach an agreement. Absent an agreement, work performed without the prior approval of the PSC Chair is subject to review by the PSC Chair and may be excluded from any application for attorneys' fees. The Court retains its plenary authority to evaluate any time or expenses for reasonableness.

Eligibility for Common Benefit Work does not pre-determine its payment. If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and costs for Common Benefit Work will be governed by the standards and procedures of Rule 23 and shall be subject to the Court's approval.

As further detailed below, Participating Counsel shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time, billing rate, and activities, and the member of the PSC who authorized the activity in question. All counsel who seek to recover Court-awarded common benefit fees and expenses agree to the terms and conditions herein, including submitting to this Court's jurisdiction. There is no guarantee that all the time submitted by any counsel or firm to the PSC Chair for consideration will be compensated and the submitted hourly rate for the work that is compensated is not guaranteed.

The entry of this Order shall create no presumption or anticipation that any fees or costs will be recoverable in this action. Any fees or costs fees incurred by plaintiffs or their counsel is

at their own risk. Neither this Order, nor the fact that any counsel has invested significant time and resources into this action, shall play any part in the Court's determination of the merits of the action or its determination of whether the putative class should be certified for settlement or litigation. Defendants shall retain the right to challenge any fee or cost award at the time any application for such fees or costs is made to the Court.

## COMPENSABLE COMMON BENEFIT WORK

### Authorization for Compensable Work

Any fee application submitted in this litigation shall include only authorized services performed by Participating Counsel for the benefit of the proposed class(es). Common Benefit Work includes, but is not limited to, leadership meetings, investigations and factual research case management and litigation strategy, discovery (whether written discovery, depositions or otherwise), coding or other analytical work relating to documents or evidence, motions and responses to motions, legal research, court appearances and preparation, identification and work-up of experts and consultants, class certification, trial and trial preparation, settlement negotiations, and appellate work.

## COMMON BENEFIT EXPENSES

"Common Benefit Expenses" means expenses authorized by the PSC Chair and incurred for the benefit of Plaintiffs and the proposed class members. Only reasonable expenses incurred while performing work specifically authorized in writing by a member of the PSC will be eligible for consideration as Common Benefit Expenses; any expense over $1,000 must be specifically approved in advance in writing by the PSC Chair. Attorneys shall keep receipts for all expenses.

### Travel Limitations:

a) **Airfare**: For routine domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent will be

reimbursed. If non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of refundable and convenient coach fare, which must be contemporaneously documented. If non-coach, private or charter travel is elected, the applicant is required to document what available, refundable, and convenient coach fare was in effect at that time, and that is all that can be reimbursed. For international or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed in the exercise of the PSC Chair's discretion.

b)      **Hotel**: Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Hilton, Westin, and Marriott hotels, in the city in which the stay occurred, will be reimbursed. Luxury hotels will not be fully reimbursed but, rather, will be reimbursed at the average available rate of a business hotel.

c)      **Meals**: Meal expenses must be reasonable. Unusually large meal expenses may be reviewed by the PSC Chair and disallowed in whole or in part.

d)      **Cash Expenses**: Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, if the expenses are properly itemized.

e)      **Automobile Rental**: Automobile rentals must be reasonable for the date and location of the rental. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles are available. Counsel must submit evidence of the unavailability of non-luxury vehicles. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form and only the non-luxury rate may be claimed.

f)      **Mileage**: Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the IRS Standard Business Mileage Rate for the period in which the mileage was driven.

**Non-Travel Limitations:**

a)  **Long Distance, Conference Call, and Cellular Telephone Charges**: Common Benefit conference calls must be documented as individual call expenses to be compensable.  Long distance calls and cellular telephone charges generally are not reimbursable.

b)  **Shipping, Overnight, Courier, and Delivery Charges**: All claimed Common Benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.  Such charges are to be reported at actual cost.

c)  **Postage Charges**: A contemporaneous postage log or other supporting documentation must be maintained and submitted for Common Benefit postage charges.  Such charges are to be reported at actual cost.

d)  **In-House Photocopy**: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum charge for common benefit copies is $0.15 per page for in-firm photocopies and any necessary vendor photocopies shall be at actual cost.

e)  **Computerized Research: Lexis, Westlaw, or Bloomberg**: Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the exact amount charged to the firm and actually paid by the firm for research specific for Common Benefit Work.  Estimates or amounts invoiced but not actually paid by the firm will not be eligible for reimbursement.  Additionally, research that is billed as a flat fee (such as a monthly fee for unlimited research) will not be eligible for reimbursement, but rather treated as general overhead.

## SHARED COSTS AND CAPITAL CONTRIBUTIONS

"Shared Costs" are costs incurred for the common benefit of proposed class members in this MDL. Examples of Shared Costs include but are not limited to: (1) court filing and service costs; (2) court reporter and interpreter costs for depositions; (3) document depository hosting and operation; (4) expert witnesses and consultant fees and (5) translation services.

Shared Costs will be paid out of a Litigation Fund administered by the PSC Chair and must be approved by the PSC Chair prior to payment. Each PSC member shall contribute to the Litigation Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of this MDL. The timing and amount of each assessment will be determined by the

PSC Chair, and each assessment will be paid within 14 days of the date of written request by the PSC Chair. Failure to pay assessments will be grounds for barring counsel from submitting Common Benefit Work or Common Benefit Expenses for reimbursement, or removal from the PSC.

All Shared Costs must be approved by the PSC Chair prior to payment. Requests for payment shall include sufficient information to permit the PSC Chair and a CPA, if engaged by the PSC Chair, to account properly for expenses and to provide adequate detail to the Court.

## HELD COSTS

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when the PSC Chair determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain Common Benefit costs relating to class representatives at the discretion of the PSC Chair. Held Costs shall be recorded in accordance with the guidelines set forth herein and on the form provided as **Exhibit B** hereto. Held Costs shall be subject to the travel and administrative limitations set forth in this Order.

## TIMEKEEPING AND SUBMISSION AND EXPENSE RECORDS

All time and expenses must be accurately and contemporaneously maintained and tracked. To qualify for consideration as Common Benefit fees or expenses, Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours, recorded in tenths of an hour, and billing rate, along with a brief note indicating the source of authorization for the activity in question and a brief description of the activity. Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work. Block billing is prohibited. Each time entry must be

formatted and categorized as reflected in **Exhibit A.** In general, when possible, a more specific category should be used in place of a more general category.

Participating Counsel shall record their current, standard hourly rates for all attorneys and staff. Each timekeeper must be identified as one of the following: (PT) Partner, (A) Associate, (SA) Staff Attorney/Contract Attorney, or (PL) Paralegal.

Time and expense submissions shall be made to the PSC Chair monthly, by the 18th of each month, in accordance with the guidelines set forth herein and using monthly reports to be distributed by the PSC Chair. The first submission is due on Tuesday, June 18, 2024, and should include all time and expense through May 31, 2024. Thereafter, all time and expense reports shall be submitted on the 18th day of each month and shall cover the time period through the end of the preceding month (*e.g.*, the July 18, 2024, submission should include all time and expenses incurred during the month of June 2024).[1]

Time and expense entries that are not sufficiently detailed will not be considered for payment of Common Benefit fees. Separate time descriptions shall be included for each task performed and shall sufficiently describe the activity. All time for Common Benefit Work by each firm shall be recorded and maintained in tenth-of-an-hour increments. The failure to secure authorization from the PSC Chair to incur Common Benefit time and expenses, or to maintain and timely provide such records or to provide a sufficient description of the activity, will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

---

[1] Although counsel should submit all Common Benefit Expenses incurred in a certain month in the submission made on the 18th day of the next month, some third-party billing and credit card statement schedules may make such expense submission difficult. In such circumstances, counsel may submit expenses incurred in the previous two months that – because of circumstances outside the submitting counsel's control – could not have been submitted by the Court-ordered deadline.

**IT IS SO ORDERED.**

_____
HON. REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE


May 24, 2024

**Exhibit A to Case Management Order Re: Plaintiffs' Common Benefit Time & Expense Protocol**

*In Re: TikTok, Inc. In App Browser Privacy Litigation*

**Time Report**

Firm Name: _____

Reporting Period: _____

**Categories:** 1. Leadership case management duties; 2. Counsel meetings/strategy; 3. Factual research and investigation; 4. Client communications; 5. Legal research and pleadings/briefing; 6. Discovery; 7. Document analysis; 8. Depositions; 9.Court appearances; 10. Experts; 11. Trial; 12. Appeals; 13. Settlement; 14. Admin and other misc.

| Last Name, First Name | Professional level: Partner (PT), Associate (A), Staff Attorney/Contract (SA), or Paralegal (PR) | Date of Service: | Category Code: | Category Name: | Detailed Description of Work performed: | Billing Rate: | Time spent (by 0.1 increments) | Fees Total: |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Exhibit B to Case Management Order Re: Plaintiffs' Common Benefit Time & Expense Protocol**
*In Re: TikTok, Inc. In App Browser Privacy Litigation*
**Expense Report**

**Firm Name:**
**Reporting Period:**

| Disbursement | Current Amount | Prior Amount | Cumulative Amount |
|---|---|---|---|
| Assessment Fees | | | |
| Federal Express/Local Courier, etc. | | | |
| Postage Charges | | | |
| In-House Photocopying | | | |
| Outside Photocopying | | | |
| Hotels | | | |
| Meals | | | |
| Mileage | | | |
| Air Travel | | | |
| Deposition Costs | | | |
| Court Fees | | | |
| Witness/Expert Fees | | | |
| Investigation Fees/Service Fees | | | |
| Computerized Research | | | |
| Transcripts | | | |
| Ground Transportation (i.e., Rental, Taxis, etc.) | | | |
| Miscellaneous (Describe) | | | |
| | | | |
| **TOTAL** | $            - | | $            - |