# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION** <br><br> **This Document Relates to:** <br><br> **ALL ACTIONS** | **MDL 2948-A** <br><br> Master Docket No. 24-cv-2110 <br><br> **STIPULATION AND ORDER RE: PRESERVATION OF EVIDENCE** <br><br> **Judge Rebecca R. Pallmeyer** |

Plaintiffs and Defendants in the above-captioned MDL (the "Parties"), by and through their respective counsel, stipulate to the following:

1. WHEREAS, on August 17, 2020, Judge John Z. Lee entered Case Management Order No. 1, which reminded the parties in MDL 2948, including plaintiffs and TikTok Inc., of their duty to preserve all evidence that may be relevant to the action. *See* Case Management Order No. 1 at ¶ 14; *In Re: TikTok Inc. Consumer Privacy Litig.*, No. 1:20-cv-04699, (N.D. Ill. Dec. 18, 2020) (MDL Case No. 2948), ECF 4 at 10-11; and

2. WHEREAS, on December 5, 2022, Plaintiff Recht sent TikTok Inc. and ByteDance Inc., via their registered agents, a Demand for Preservation of Evidence and Litigation Hold.

**NOW THEREFORE**, considering the foregoing, the Parties agree as follows:

All Parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, and control of the Parties, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.

"Documents, data, and tangible things" is to be interpreted broadly to include source code, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies, or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

Until the Parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.

Dated: May 24, 2024

**For Plaintiffs:**

/s/ *Roland Tellis*
Roland Tellis
Baron & Budd, P.C.
Chair, Plaintiffs' Steering Committee


**For Defendants:**

/s/ *Anthony J. Weibell*
Anthony J. Weibell
Mayer Brown LLP
Counsel for Defendants

**IT IS SO ORDERED.**

_____
HON. REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE