UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 2948-A<br><br>Master Docket No. 24 C 2110<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Sunil R. Harjani |

# JOINT REPORT OF THE PARTIES' PLANNING MEETING

# PURSUANT TO RULE 26(f)

Plaintiffs Austin Recht, Sean Guzman, Michael Walsh, Steve Berrios, Christi Stowers, Anibeth Bravo, Katie Murphy, Jessica Gann, Delaney Arnold, and Bradley Fugok ("Plaintiffs") and Defendants TikTok Inc. and ByteDance Inc. ("Defendants") (collectively, the "Parties") jointly present this Report of the Parties' Planning Meeting Pursuant to Rule 26(f) to the Court.

**A.     Meeting**

Pursuant to Fed. R. Civ. P. 26(f), a meeting of counsel was held on June 11, 2024, via Zoom, and was attended by:

<u>Plaintiffs</u>: Roland Tellis, Sterling L. Cluff, and David B. Fernandes.

<u>Defendants</u>: Anthony Weibell, Sophia Mancall-Bitel, Sarah Hsu, and Nina He.

**B.     Nature of the Case**

  a.  **The case involves the following claims and counterclaims:**

This case concerns Plaintiffs' allegations that Defendants used JavaScript code to secretly intercept, view, and record users' private activities on third-party websites through the TikTok app's in-app browsing feature. Plaintiffs allege that when they clicked links to third-party websites while using the TikTok app, the in-app browsing feature tracked Plaintiffs' interactions with the third-party websites, including every keystroke and every button click. In so doing, Defendants allegedly monitored and captured the details of Plaintiffs' website activities, including personal information, contact information, credit card information, banking information, and social security numbers. Plaintiffs further allege that Defendants used the collected data for their own lucrative advertising purposes, all without Plaintiffs' consent.

Based on the foregoing allegations, Plaintiffs assert the following claims on behalf of the Nationwide Class: violation of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq*.; violation of the California Invasion of Privacy Act, Cal. Penal Code § 631, *et seq*.; violation of the California

1

Invasion of Privacy Act, Cal. Penal Code § 632, *et seq.*; violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and unjust enrichment.

Plaintiffs also assert the following claims on behalf of California,[1] Florida, Illinois, and Pennsylvania subclasses:

California: violation of the California Invasion of Privacy Act, Cal. Penal Code § 631, *et seq.*; violation of the California Invasion of Privacy Act, Cal. Penal Code § 632, *et seq.*; violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and unjust enrichment.

Florida: violation of the Florida Security of Communications Act, Fla. Stat. § 934, *et seq.*; and unjust enrichment.

Illinois: violation of the Illinois Eavesdropping Act, ILCS 720 § 5/14-1, *et seq.*; and unjust enrichment.

Pennsylvania: violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. § 5701, *et seq.*; and unjust enrichment.

Plaintiffs' claims are predicated on their allegations that Defendants unlawfully intercepted their activities on third-party websites through the TikTok app's in-app browser. Defendants deny such allegations relied upon by Plaintiffs to assert their claims.

b.  **The basis for federal jurisdiction:**

The basis for federal jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332(d).

---

[1] Plaintiffs assert the California claims as claims on behalf of the Nationwide Class and, alternatively, as claims on behalf of the California Subclass.

2

### C. Legal Issues

The legal issues to be determined include:

- Whether Defendants' conduct constitutes a violation of the Wiretap Act, the California Invasion of Privacy Act, the California Unfair Competition Law, the Florida Security of Communications Act, the Illinois Eavesdropping Act, or the Pennsylvania Wiretapping and Electronic Surveillance Control Act;

- Whether Defendants have been unjustly enriched by their alleged conduct;

- Whether Plaintiffs and Class Members are entitled to restitution and an award of statutory penalties or damages, actual damages, or other relief;

- Whether a Nationwide Class and State Subclasses can be certified, under Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and/or (c)(4), on behalf of all persons in the United States who used the TikTok app to visit external, third-party websites via the in-app browser.

Defendants TikTok Inc. and ByteDance Inc. were served and have appeared. Summons were recently issued to Defendants ByteDance Ltd. and Beijing Douyin Information Service Co. Ltd. a/k/a ByteDance Technology Co. Ltd. (collectively, the "Foreign Defendants"). On July 3, 2024, Plaintiffs sent waivers of service to the Foreign Defendants. If the Foreign Defendants refuse to waive service, Plaintiffs will begin the process of serving them pursuant to the Hague Convention.

Defendants believe the Foreign Defendants are not necessary parties to this action and there is no reasonable basis for Plaintiffs to assert claims against the Foreign Defendants. The Foreign Defendants do not operate the TikTok app in the United States and all relevant discovery

is within the possession, custody, or control of TikTok Inc., which provides the TikTok app in the United States, to the extent such information is subject to discovery under applicable law.

### D. Motions

Defendants filed a motion to dismiss Plaintiffs' Master Consolidated Complaint on June 7, 2024. Plaintiffs will file their opposition on August 6, 2024, and Defendants will file their reply on September 6, 2024. The motion to dismiss is set for hearing on September 10, 2024.

Following the resolution of the motion to dismiss, the Parties anticipate customary motion practice, including motions for class certification, for summary judgment, and, if appropriate, pre-trial motions to exclude evidence, arguments, and/or experts.

### E. Disclosures and Discovery

Following the Parties' Rule 26(f) conference, Plaintiffs served TikTok Inc. with a first set of Requests for Production on June 17, 2024. The Parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on July 3, 2024.

Plaintiffs anticipate that discovery will be needed on the following subjects:

1. Defendants' TikTok app and its in-app browser;
2. JavaScript code inserted into Defendants' in-app browser;
3. Source code related to Defendants' in-app browser;
4. Defendants' interception, recording, eavesdropping, reading, and receipt of TikTok users' communications with third-party websites via the in-app browser;
5. Defendants' use of TikTok users' communications and data intercepted via the in-app browser;
6. Communications between and among Defendants and third parties concerning TikTok's in-app browser and/or liability for legal claims and damages resulting therefrom;
7. The total number of TikTok users who accessed third-party websites via the in-app browser;

8. The total revenue and profits Defendants derived from TikTok users' interactions with third-party websites via the in-app browser;

9. The organization of Defendant entities and the relationships between and among them;

10. The presence and activities of each Defendant in the United States; and

11. Defendants' defenses.

Defendants anticipate that discovery will be needed on the following subjects:

1. Plaintiffs' use of the TikTok app and its in-app browser;

2. Plaintiffs' use and activities on third-party websites opened in the TikTok app's in-app browser;

3. Plaintiffs' consent to the alleged collection of data by Defendants.

The Parties reserve the right to seek discovery on additional topics, parties, and non-parties.

The Parties have discussed discovery of Electronically Stored Information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps to preserve relevant and discoverable ESI within their possession, custody, or control. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties are currently meeting and conferring on an ESI Protocol that will address methodologies for identifying and collecting ESI, eliminating duplicative ESI, and developing filters or keyword searches.

The Parties do not currently anticipate needing more depositions (10) and interrogatories (25) than allowed by the Federal Rules. The Parties agree that if more depositions or interrogatories are needed, they will meet and confer in an attempt to reach agreement before approaching the Court.

The Parties propose that all fact discovery be completed by November 14, 2025, and that expert discovery be bifurcated between class certification experts and merits experts. The Parties included their proposed dates for the completion of these discovery periods in the Pre-Trial Schedule below.

### F. Pre-Trial Schedule

The Parties propose the following pre-trial schedule:

| Event | Proposed Date |
|---|---|
| Deadline for motion to dismiss | June 7, 2024 |
| Start of fact discovery | June 11, 2024 |
| Telephonic status conference | July 23, 2024 |
| Deadline for opposition to motion to dismiss | August 6, 2024 |
| Deadline for reply in support of motion to dismiss | September 6, 2024 |
| Hearing on motion to dismiss and status conference | September 10, 2024 |
| Deadline for Plaintiffs to file a motion for class certification and disclose all class certification expert reports they intend to rely on in support of their motion for class certification | May 20, 2025 |
| Deadline for Defendants to file their opposition to Plaintiffs' motion for class certification and disclose all class certification expert reports they intend to rely on in opposition to class certification | July 21, 2025<br><br>*62 days after Plaintiffs' motion for class certification |
| Deadline for Plaintiffs to file a reply brief in support of their motion for class certification and all rebuttal expert reports in support of their class certification reply brief | August 22, 2025<br><br>*32 days after Defendants' opposition to class certification |
| Class certification decision | TBD |

6

| Event | Proposed Date |
|---|---|
| | *The remainder of schedule uses September 19th, for a class certification decision, or 28 days after the motion is fully briefed, with dates denoted. The parties agree that the post-class certification schedule should be built off the date of the class certification order. |
| Fact discovery closes and fact discovery motion cutoff | *November 14, 2025<br><br>56 days after class certification decision |
| Deadline for the parties' opening expert witness disclosures and expert reports relating to all merits, non-class certification issues for which a party has the burden of proof | *December 19, 2025<br><br>35 days after discovery closes |
| Deadline for the parties' responsive expert witness reports relating to all merits, non-class certification issues | *February 13, 2026<br><br>56 days after opening expert disclosures |
| Deadline for disclosures of the parties' rebuttal expert witness reports relating to all merits, non-class certification issues | *March 13, 2026<br><br>28 days after responsive expert disclosures |
| Expert discovery closes | *April 3, 2026<br><br>21 days after disclosures of rebuttal expert witnesses and reports relating to all merits, non-class certification issues |
| Deadline for dispositive motions, including those regarding summary judgment and *Daubert* | *June 5, 2026<br><br>Approx. 2 months after close of expert discovery |
| Deadline for oppositions to dispositive motions, including those regarding summary judgment and *Daubert* | *July 31, 2026<br><br>8 weeks after motions filed |

| Event | Proposed Date |
|---|---|
| Deadline for replies in support of dispositive motions, including those regarding summary judgment and *Daubert* | *August 28, 2026<br><br>4 weeks after oppositions filed |
| Hearing on dispositive motions, including those regarding summary judgment and *Daubert* | *September 11, 2026<br><br>2 weeks after replies or at the Court's convenience |
| Plaintiffs to prepare proposed draft of final pretrial order | *November 6, 2026<br><br>6 weeks before pretrial conference |
| Parties to file joint pretrial order | *December 4, 2026<br><br>2 weeks before pretrial conference |
| Pretrial conference | *December 18, 2026<br><br>14 weeks after proposed hearing on dispositive and *Daubert* motions |
| Trial date | January 29, 2027 |

### G. Trial

The Parties cannot yet accurately predict the length of trial before the motion to dismiss has been decided, discovery has proceeded further, documents have been reviewed, and witnesses have been identified. At this early stage, however, the Parties believe that this case should be ready for trial by January 29, 2027, and that trial will last approximately fourteen (14) days.

8

**H.     Expected Evidentiary Hearings**

The Parties anticipate that there may be *Daubert* hearings and a jury trial. The Parties do not currently anticipate other types of evidentiary hearings, but will advise the Court if they become necessary.

**I.     Settlement and ADR**

The Parties stipulate and agree that private mediation is the most appropriate option to pursue a possible settlement for this case and have made arrangements to conduct that mediation prior to the next status conference.

**J.     Consent**

The Parties **do not** consent to proceed exclusively before a Magistrate Judge.

Dated: July 12, 2024                                    Respectfully submitted,

**BARON & BUDD, P.C.**

  /s/ *Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333

*Chair, Plaintiffs' Steering Committee*

Dated: July 12, 2024                                    **MAYER BROWN LLP**

  /s/ *Anthony J Weibell*
Anthony J Weibell
**MAYER BROWN LLP**
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com

*Lead Counsel for All Defendants*

9