UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION** <br><br> **This Document Relates to:** <br><br> **ALL ACTIONS** | **MDL 2948-A** <br><br> **Master Docket No. 24-cv-2110** <br><br> **Judge Rebecca R. Pallmeyer** |

## RULE 502(d) AND PRIVILEGED MATERIALS ORDER

The Plaintiffs and Defendants (collectively, the "Parties") to this multi-district litigation, by and through their respective counsel, have jointly stipulated to the terms of the Rule 502(d) and Privileged Materials Order (the "Order"), and with the Court being fully advised as to the same, it is hereby ORDERED:

A. **Applicability.**

1. The Parties may, by written agreement, amend or otherwise modify this Order. Nothing in this Order is intended to, or does, waive any objections to discovery or admissibility, or any other privileges or immunities or, except as specifically provided herein, impose obligations different than those contained in the Federal Rules of Civil Procedure, Federal Rules of Evidence, or the Local Rules of this Court. For the avoidance of doubt, Federal Rule of Evidence 502(b) does not apply with respect to the privileged materials or information that are the subject of this Order. The Parties recognize that additional issues or unforeseen circumstances may arise in the course of discovery, and nothing in this Order is

intended to, or does, restrict the ability of either Party to request additional information or seek additional relief from the Court. The Parties each retain the right to seek exceptions, amendments, or modifications to this Order from the Court. The Order shall be applicable to any privileged or otherwise protected or exempted information contained in deposition transcripts and/or videotapes, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise produced and/or submitted by any of the Parties in this litigation pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing (collectively, "Information").

      **B.**      **Production of Discovery Materials Containing Potentially Privileged Information.**

      2.      Pursuant to Federal Rule of Evidence 502(d), the disclosure or production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate designation of privilege, in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material.

      3.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

      4.      The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document has been produced for which the Producing Party asserts privilege

and/or other protection. This "Clawback Notice" shall include (i) the bates range of the produced materials and (ii) either a new copy of the material (utilizing the same bates number as the original material) with the privileged or protected material redacted (if the Producing Party claims that only a portion of the document contains privileged or protected material), or if the Producing Party claims that the entire document is privileged or protected, a slip sheet noting that the document has been withheld. After the Producing Party provides the Receiving Party with the Clawback Notice, the Producing Party must provide a corresponding privilege log in accordance with the privilege log provisions below within ten (10) business days.

5. Upon receipt of a Clawback Notice, all such information, and all copies thereof, shall be sequestered immediately and the Receiving Party shall not use such information for any purpose, except as provided in paragraphs 6 and 7, until further Order of the Court. The Receiving Party shall make a good faith effort to also retrieve and sequester immediately all copies of the documents (including any excerpts used in analyses, memoranda or notes or portions thereof) in electronic format.

6. The Receiving Party may contest the Producing Party's assertion of privilege or other protection. In that instance, within ten (10) business days from receipt of the privilege log described in paragraph 4, the Receiving Party shall give the Producing Party written "Notice of Clawback Challenge" providing the reason for said disagreement. The Producing Party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the Producing Party's response to the Notice of Clawback Challenge does not resolve the issue, the Parties shall meet and confer within seven (7) business days of the response. If the conference does not resolve the dispute, within ten (10) business days of the

conference, the Parties shall submit the dispute to the Court for resolution. The Producing Party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials.

7. Nothing in this Stipulation prevents a Receiving Party from submitting the item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in briefing submitted in connection with any challenge to such notice that is raised in accordance with paragraph 6. The challenge to the Clawback Notice must be filed under seal, and the Receiving Party may not challenge the privilege or work product claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection. If any information is found to be privileged or protected in accordance with the procedures described herein, all copies of the information, as provided in paragraph 5, shall be returned or destroyed. If the Receiving Party does not serve a Notice of Clawback Challenge, then, upon expiration of the ten (10) business day period described in paragraph 6, all such information, and all copies thereof (including any excerpts used in analyses, memoranda or notes or portions thereof), shall be returned or destroyed.

8. The Receiving Party shall make a good faith effort upon receipt of the Clawback Notice to immediately retrieve and sequester any analyses, memoranda, notes or portions thereof that were internally generated and contain or were based upon the item(s) listed in the Clawback Notice. The Receiving Party shall not use such materials for any purpose, except as provided in paragraphs 6 and 7, until further Order of the Court. Thereafter, they shall be destroyed if either: (a) the Receiving Party does not contest that the information is privileged or subject to other protection pursuant to paragraph 6 above, or (b) the Court rules that the information is privileged or otherwise protected. Such analyses, memoranda, notes, or portions thereof may only be

removed from sequestration and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the information is not privileged or otherwise protected, or (b) the Court rules that the information is not privileged or otherwise protected.

9. If, during a deposition, a Producing Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, or other protection, the Producing Party may either (a) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (b) object to the use of the document at the deposition to the extent the entire document is privileged or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph, all Parties shall sequester all copies of the inadvertently produced document. As to any document subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within ten (10) days of the delivery of the final transcript from the court reporter (to run contemporaneously with the time for the witnesses' review of the transcript), after which the Parties shall follow the procedures set forth in paragraphs 5 through 7. As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within ten (10) days of the delivery of the final transcript from the court reporter (to run contemporaneously with the time for the witnesses' review of the transcript), after which the Parties shall follow the procedures set forth in paragraphs 5 through 7. With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than ten (10) days after the delivery of the final transcript from the court reporter (to run

contemporaneously with the time for the witnesses' review of the transcript), the asserted privilege or protection will be deemed as waived. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with paragraph 5, including any analyses, memoranda, notes, or portions thereof that were internally generated and contain or were based upon the item(s) listed in the Clawback Notice.

10. If the Producing Party instructs the witness not to answer or provide testimony in accordance with paragraph 9(a) or (b), which is later determined not to be privileged or protected, the Producing Party will remedy the lost opportunity to obtain discovery, by way of reopened deposition or such other means to which the Parties may agree, following meet-and-confer efforts. At the meet and confer, the Parties must discuss whether another deposition is genuinely necessary and (if so) what the proper scope, length, and subject matter of the resumed deposition is. Any resumed deposition must be proportional to the subject matter as to which the Producing Party asserted privilege and/or work product protection. If the Parties cannot come to an agreement, they will submit that dispute to the Court.

11. If a Receiving Party uses produced material, that is not clearly privileged on its face, in a brief filed with the Court, and the Producing Party has not served a Clawback Notice in advance of the hearing, the asserted privilege or protection will be deemed as waived. If a Receiving Party uses produced material, that is not clearly privileged on its face, for the first time during a hearing, and the Producing Party has not served a Clawback Notice in advance of the hearing, the Producing Party will have five (5) business days in which to issue a Clawback Notice. If the Producing Party fails to issue a Clawback Notice within five (5) business days, the asserted privilege or protection will be deemed as waived.

12.     This Stipulation does not preclude a party from voluntarily waiving any claims of privilege or protection. The provisions of Fed. R. Evid. 502(a) apply only when a party uses privileged or other protected information to support a claim or defense.

13.     When the Producing Party has asserted a Clawback Notice regarding privilege in a document, the Producing Party shall use best efforts to identify substantively duplicative privileged evidence in other produced documents and notify the Receiving Party of those documents within fourteen (14) days.

**IT IS SO ORDERED.**

Dated:   September 27, 2024

HON. REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE