**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TIKTOK, INC., IN-APP BROWER PRIVACY LITIGATION ) | MDL No. 2948-A |
| ) | |
| _____ ) | Master Docket No. 24 C 2110 |
| **This Document Relates to:** ) | |
| ) | Judge Rebecca R. Pallmeyer |
| **ALL ACTIONS** ) | |

## ORDER

The court parties are directed to confer and file a joint status report by October 15, 2024, clarifying the parties' stipulations (if any) as to (1) trial venue, personal jurisdiction, and choice of law for the Groups 1 and 2 Plaintiffs identified below, and (2) the Group 3 Plaintiffs' status vis-à-vis the Master Consolidated Complaint and Plaintiffs' proposed classes. If Plaintiffs determine that the Master Consolidated Complaint should be amended consistent with this report, they should submit any proposed amendments for the court's review, and may do so concurrently with any amendments prompted by the court's ruling on Defendants' Motion to Dismiss [55].

## STATEMENT

MDL No. 2948-A, contains thirteen member cases that were either originally filed in this district or transferred here by the JPML: docket nos. 23 C 225, 23 C 54, 23 C 841, 23 C 143, 23 C 2248, 23 C 226, 23 C 2262, 23 C 2462, 23 C 2463, 23 C 2464, 23 C 2465, 23 C 2466, and 23 C 2467. After this court denied Defendants' initial request to dismiss these "in-app browser" cases on the basis of the settlement in MDL No. 2948, the parties filed a Stipulation and Proposed Order on March 19, 2024 that sought consolidation of all thirteen member cases under Federal Rule of Civil Procedure 42(a) into a single action, the "IAB Action," for "all pretrial purposes." (Stip. & Proposed Order [43] ¶ 1.) The Stipulation further provided that "[a]ll related actions involving collection of data from TikTok users through the in-app browser ("IAB") feature of the TikTok App that are now pending, subsequently filed in, or transferred to, this District shall be consolidated into the IAB Action for all pretrial purposes." (*Id.* ¶ 2.) The parties understood that Plaintiffs' filing of a Master Consolidated Complaint would "supersede all existing complaints filed in the IAB consolidated actions and any IAB action subsequently consolidated with this action." (*Id.* ¶ 14.)

The court signed and entered this Stipulation on April 9, 2024 [45]. That same day, Plaintiffs filed their Master Consolidated Complaint, which asserts claims on behalf of a Nationwide Class of similarly situated TikTok users and four state-specific subclasses. (*See* Master Consol. Compl. ("MCC") ¶ 188.) The Complaint lists the original thirteen member cases in its case caption (*see* Master Consol. Compl. ("MCC") at 1), but the text names only ten Plaintiffs as parties (*id.* ¶¶ 5–14). Of these ten plaintiffs, four (Plaintiffs Recht, Bravo, Murphy, and Fugok, hereinafter "Group 1") have their own associated member cases. The remaining six (Plaintiffs Guzman, Walsh, Berrios, Stowers, Gann, and Arnold, hereinafter "Group 2") do not appear in any member case's docket and appear to have been added to the MDL for the first time through the MCC's filing. This also means that ten of the Plaintiffs in the member cases (Plaintiffs Buckley, Tado, Fleming, E.K., Androshchuk, Albaran, G.R. Moody, Schulte, and Storey, hereinafter "Group 3") are not formally named as parties in the MCC, even though the Stipulation stated that this Complaint would supersede their individual pleadings.

Rule 42(a) allows the court to consolidate any actions before the court that "involve a common question of law or fact" for trial or pretrial purposes. FED. R. CIV. P. 42(a). These cases generally "do not lose their separate identity because of consolidation" and are not subject to a single judgment. *See* 9A Wright & Miller, *Federal Practice and Procedure* § 2382 & nn. 8–10 (citing cases). Similarly, the multidistrict litigation statute, 28 U.S.C. § 1407, allows actions that share common questions of fact to be centralized in a single district for "coordinated or consolidated pretrial proceedings." The default procedure under § 1407, however, is for "[e]ach action so transferred [to] be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred." 28 U.S.C. § 1407(a); *see also In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699–700 (9th Cir. 2011) ("Within the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over."). The parties may consent to this court's retention of jurisdiction over cases transferred from other districts, but the court lacks authority to retain such cases unilaterally. *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998); Manual for Complex Litigation (Fourth) §§ 20.132, 22.93.

With these principles in mind, the parties' filings raise questions as to the procedural status of the various Plaintiffs. Should some or all of Plaintiffs' claims survive summary judgment, the out-of-state Groups 1 and 3 plaintiffs will presumably be severed from the IAB Action and remanded to their transferor districts for trial (unless the parties have consented to trying them here, which is not immediately apparent).[1] But the Group 2 Plaintiffs, apparently added to the MDL for the first time in the MCC, would have no clear "home district" to return to in this scenario. None of the Group 2 Plaintiffs reside in this district,[2] and it is not clear that venue would be proper here under § 1391(b) for any of their cases. Nor has the court formally entered a direct-filing order. Paragraph 2 of the parties' Stipulation could be read as creating a direct-filing procedure by allowing for direct joinder of additional plaintiffs into the consolidated IAB Action through inclusion in the MCC, but the Stipulation does not clarify where these plaintiffs' cases should be deemed filed for trial venue, personal-jurisdiction, and choice-of-law purposes. *See Looper v. Cook Inc.*, 20 F.4th 387, 390–91 (7th Cir. 2021). Separately, it is unclear whether the MCC can be treated as the "legally operative" pleading for the Group 3 Plaintiffs given that it does not list them by name. Nor is it clear whether these Plaintiffs should be regarded as class representatives or mere absent class members. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 591–92 (6th Cir. 2013).

The court directs the parties to confer and file a joint status report by October 15, 2024, clarifying the parties' stipulations (if any) as to (1) trial venue, personal jurisdiction, and choice of law for the Groups 1 and 2 Plaintiffs, and (2) the Group 3 Plaintiffs' status vis-à-vis the Master Consolidated Complaint and Plaintiffs' proposed classes. If Plaintiffs determine that the Master Consolidated Complaint should be amended consistent with this report, they should submit any proposed amendments for the court's review, and may do so concurrently with any amendments prompted by the court's ruling on Defendants' Motion to Dismiss [55].

---

[1] The Parties' July 12, 2024 Rule 26(f) Planning Meeting Report includes a pre-trial schedule that contemplates consolidated summary judgment proceedings in this court, and sets a single "trial date" of January 29, 2027. (*See* Joint Rule 26(f) Report [63] at 6–8.) There is no discussion of remand, or whether the parties have consented to have some or all of the transferred Plaintiffs' cases tried in this court.

[2] The Group 2 Plaintiffs respectively reside in California, Florida, Georgia, Indiana, and Kentucky. (*See* MCC ¶¶ 6–9, 12–13.)

ENTER:

Dated: October 1, 2024

_____
REBECCA R. PALLMEYER
United States District Judge