UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION | MDL No. 2948-A |
| This Document Relates to: | Master Docket No. 24 C 2110 |
| ALL ACTIONS | **JOINT STATEMENT RE: ESI PROTOCOL DISPUTE** |
| | Judge Rebecca R. Pallmeyer |

Dear Judge Pallmeyer:

In advance of the February 19, 2025 video conference regarding the entry of an Order re: Electronically Stored Information (the "ESI Protocol"), Plaintiffs Austin Recht, Sean Guzman, Michael Walsh, Steve Berrios, Christi Stowers, Anibeth Bravo, Katie Murphy, Jessica Gann, Delaney Arnold, and Bradley Fugok (collectively, "Plaintiffs"), and Defendants TikTok Inc., ByteDance Inc., and ByteDance Ltd. (collectively, "Defendants") (Plaintiffs and Defendants together, "the Parties") submit this joint letter brief.

The Parties request the Court's resolution of the following two disputes concerning a proposed ESI Protocol in this case:

First Issue: The Parties have a dispute over TikTok's desire to preclude application of the Court's Preservation Order (Dkt 53) to certain ESI data sources.

Second Issue: The Parties have a dispute over the collection of ESI from TikTok's proprietary document management system. In particular, the dispute concerns TikTok's refusal to produce "Edit Histories"—*i.e.*, a record of all edits made to a document and the individuals who made them—for specifically requested documents, and copies of the earlier versions of such edited documents.

The Parties' respective positions regarding these disputes are set forth below.

Dated: February 10, 2025                     Respectfully submitted,

                                             */s/ Roland Tellis*
                                             Roland Tellis
                                             **BARON & BUDD, P.C.**
                                             15910 Ventura Boulevard, Suite 1600
                                             Encino, California 91436
                                             (818) 839-2333
                                             rtellis@baronbudd.com
                                             *Chair, Plaintiffs' Steering Committee*

i

*/s/ Anthony J Weibell*
Anthony J Weibell
**MAYER BROWN LLP**
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com
*Lead Counsel for All Defendants*

## PLAINTIFFS' POSITION

At their core, the two disputed issues pertain to Defendants' duties to preserve, collect, and produce potentially relevant evidence. Plaintiffs' concerns are heightened given TikTok's documented history of failing to preserve potentially relevant evidence. Indeed, the Tennessee Attorney General recently filed a motion against TikTok seeking sanctions and other remedies for evidence spoliation. Despite pending Requests for Information from the State, TikTok Inc. failed to preserve relevant intra-company chats.[1] TikTok further designed and deployed a program that auto-deleted metadata about the chats' after they were destroyed.[2] The loss of the chats' metadata hindered a forensic examination regarding how many relevant chats were erased.[3] This example of TikTok disregarding its preservation obligations underscores Plaintiffs' desire for this Court's protection of potentially relevant evidence.

### A. Defendants Should Not Be Excused from Their Duty to Preserve Potentially Relevant Evidence

This Court has already defined the broad scope of the Parties' duty to preserve potentially relevant evidence. On May 24, 2024, the Court entered the Parties' *Stipulated* Preservation Order (the "Preservation Order"), which mandates that the Parties "take reasonable steps to preserve ***all*** documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation." Dkt. 53 (emphasis added). Yet Defendants now refuse to preserve ESI from certain sources (the "Contested Sources"), despite previously stipulating to preserve all potentially relevant evidence from some of these same sources.[4] *See* Dkt. 53 at 2 (listing "computer and network activity logs" and "backup data" among the categories to be preserved).

During the Parties' ESI Protocol negotiations, Defendants attempted to justify their refusal to preserve by suggesting—without confirmation—that the Contested Sources do not contain relevant ESI and that preserving such information would impose an undue burden on them. Defendants' position is fundamentally flawed.[5]

First, Defendants incorrectly conflate their duty to preserve with their obligations to collect, search for, and produce potentially relevant evidence. The duty to preserve information exists independently of the obligation to search or produce it. *See* Advisory Committee Notes to 2006

---

[1] *See* Exhibit A, *In re Investigation of TikTok, Inc.*, No. 23-0298-I, Memorandum of Law In Support of Motion Requesting Remedies to Address Spoliation and Compel Compliance with Agreed Order, at 1-9 (October 11, 2024). Also available at: https://www.tn.gov/content/dam/tn/attorneygeneral/documents/pr/2024/pr24-71-motion.pdf.
[2] *See id.* at 9-10, 13-14.
[3] *Id*.
[4] The "Contested Sources" include: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) server, system, or network logs; (3) data remaining from systems no longer in use that is unintelligible on the systems currently in use; (4) back-up data that is entirely duplicative of data that can be collected from reasonably accessible sources located elsewhere; and (5) instant messages and/or chat data not stored on a server dedicated to this type of messaging.
[5] The Parties' positions in this Joint Statement were exchanged simultaneously without any opportunity for rebuttal. Thus, if Defendants' positions in this Joint Statement are different than articulated by Plaintiffs, the positions were likely not addressed during the Parties' meet and confer discussions and Plaintiffs will address them at the February 19 Court hearing.

Amendments to Fed. R. Civ. P. 26(b)(2) (clarifying Rule 26(b)(2)(B)'s statement that a party need not provide discovery of ESI from sources that it identifies as not reasonably accessible because of undue burden does not alter that party's obligations to preserve relevant evidence: "[a] party's identification of sources of electronically stored information as not reasonably accessible does not relieve the party of its common-law or statutory duties to preserve evidence").

Second, Defendants have failed to provide any evidence of undue burden, as required by this Court, despite Plaintiffs' specific requests for such evidence. *See Pallmeyer, J., Case Procedures* ("the court will not sustain an objection that a particular request is 'burdensome' without specifics regarding the effort required to comply with the request . . ."). In the absence of this evidence, Defendants cannot meet their burden to justify an exception to the Preservation Order. *See Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2014 WL 3809763, at *2 (N.D. Ill. Aug. 4, 2014) ("A party claiming undue burden must do more than intone the phrase") (citations omitted); *Manassa v. Nat'l Collegiate Athletic Ass'n*, No. 120CV03172RLYMJD, 2023 WL 1765993, at *2 (S.D. Ind. Feb. 3, 2023) (showing burden "typically requires affidavits or other evidence supporting a party's assertions of burden") (citations omitted).

Finally, Defendants' request is unwarranted if, as they claim, the Contested Sources do not contain relevant ESI. The Preservation Order and the current draft of the Parties' ESI Protocol ***do not mandate the preservation of irrelevant ESI***.

### B. Plaintiffs' Request the Right to Seek the Production of Specific Documents' "Edit Histories" and Their Prior Versions

The Parties' ESI Protocol negotiations also revealed that Defendants use a proprietary, cloud-based document management system called Lark. Similar to Google Docs, all prior versions of Lark documents are in one "live" or "active" version that evolves as individuals edit or contribute to them in real time. Defendants acknowledge that Lark automatically generates an "Edit History" of all prior revisions, including the identity of each editor or contributor, and that prior versions of Lark documents can be restored to become the active version.

Two critical issues arise from these facts and Lark's capabilities. First, the collection of Lark documents excludes the Edit History, depriving Plaintiffs of essential details regarding the timing, nature, and authorship of edits to relevant documents. Second, Defendants claim they can only automatically collect the "active" version of a Lark document, excluding prior versions and further denying Plaintiffs relevant evidence.

To address these issues, Plaintiffs seek only to ***reserve the right*** to request that Defendants manually collect: (1) the Edit History of specific documents; and (2) prior versions of specific documents. To be clear, Plaintiffs are not demanding that Defendants produce the Edit History or prior version of every relevant document.

Defendants do not dispute that Edit Histories are accessible to "end users" and that prior versions of Lark documents can be exported. *See* Exhibits C-D; *see also* Declaration of Warren Solow at ¶¶ 3-4. Instead, they argue that the current administrative functionality of Lark does not support the automatic collection of Edit Histories or prior document versions. Even if accurate— which Plaintiffs dispute[6]—this argument is a red herring. Plaintiffs are not requesting the

---

[6] The Help Center for Lark Documents undermines Mr. Solow's representations and indicates that users can download historical versions of documents directly from the Edit History or by restoring prior

2

automatic collection of all Edit Histories or prior document versions; rather, they seek only the right to make targeted and specific requests for them.

The proportionality of such requests can and should be evaluated on a case-by-case basis. This approach aligns with courts' orders addressing similar issues with documents that could not be collected automatically. *See e.g., In re Meta Pixel Healthcare Litigation*, No. 22-cv-03580, 2023 WL 4361131, at *1 (N.D. Cal. 2023) (directing the parties to "consider reasonable requests for production of hyperlinked documents on a case-by case basis" that could not be collected automatically). This Court should adopt the same approach, allowing Plaintiffs to reserve their right to request specific Edit Histories and prior versions as needed.

## **DEFENDANTS' POSITION**

**ISSUE 1.** TikTok is complying with and does not seek to amend the Court's Preservation Order requiring the parties to preserve "materials reasonably anticipated to be subject to discovery in this action." ECF No. 53. The parties' dispute covers types of data—like legacy systems, network logs and backup media—long recognized to be beyond the scope of discovery. None of these types of data can reasonably be anticipated to be discoverable because they are (1) unlikely to contain any relevant information, and (2) not reasonably accessible. *See* Fed. R. Civ. P. 26(b)(1) (discovery limited to material "relevant to any party's claim or defense"); *id.* 26(b)(2)(B) (parties need not provide ESI "from sources that the party identifies as not reasonably accessible because of undue burden or cost").

TikTok is preserving the types of ESI reasonably anticipated to contain responsive information. This includes TikTok source code, word processing documents, spreadsheets, and presentations, chats, e-mails, and hard-copy documents. But Plaintiffs seek to compel TikTok to comb through and preserve data sources unlikely to contain responsive information, some of which cannot be read using TikTok's existing software.[7] Plaintiffs speculate these sources will contain unique, relevant information—a fact-free demand that "amount[s] to a fishing expedition in a pond where there is no evidence of fish." *See First Am. Title Ins. Co. v. Hanson Aggregates Midwest*, 2023 WL 2390374, at *3 (N.D. Ill. Mar. 7, 2023). Neither Rule 26, the Seventh Circuit Electronic Discovery Committee Principles Relating to the Discovery of Electronically Stored Information ("Seventh Circuit ESI Principles"),[8] nor case law supports this demand.

**Server, System, and Network Logs.** Plaintiffs demand preservation of the scores of back-end logs on TikTok's systems but fail to identify any unique, relevant data the logs might contain.[9] System logs document a variety of user and operating system actions, including, for example,

---

versions as the "current" version. *See* Exhibit B (also available at: https://www.larksuite.com/hc/en-US/articles/360048487821-view-update-restore-or-delete-file-versions); Exhibit C (also available at: https://www.larksuite.com/hc/en-US/articles/904560370164-view-edit-history-in-docs).

[7] Plaintiffs' portion of this letter also demands the preservation of deleted, slack, and fragmented data. TikTok will address this request at the hearing.

[8] *See* Seventh Circuit ESI Principles, January 2018, available at https://www.ediscoverycouncil.com/sites/default/files/7thCircuitESIPilotProgramPrinciplesSecondEdition2018.pdf, at Principle 2.04(d)(6) ("forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business" not typically discoverable).

[9] To the extent Plaintiffs seek information about how user data relevant to their claims is collected and flows, that information is available in the source code that TikTok has already produced.

when a document is printed, when a file or folder is shared, or when someone views information about a specific operating process. They are not a source of substantive data that could shed light on Plaintiffs' claims. Such logs generally need not be preserved. *See, e.g.*, *M.A. Wyndham Hotels & Resorts, Inc.*, 2020 WL 1983069, at *4 (S.D. Ohio Apr. 27, 2020) (excluding such logs from preservation).[10]

**Legacy systems.**[11] Legacy systems contain data from retired systems that cannot be read by the current systems. To date, TikTok has identified no legacy systems that could contain responsive information. Even if such systems were to exist, they are not reasonably accessible because TikTok cannot read their contents.[12]

**Back-up data that is entirely duplicative of data that can be collected from reasonably accessible sources located elsewhere.** Requiring the preservation of duplicate, identical forms of data adds cost and undue burden without contributing unique, dispositive information to discovery.[13] Plaintiffs merely speculate that TikTok will fail to meet its preservation obligations with respect to the identical reasonably accessible data. Courts reject speculation as the basis for preservation obligations. *See, e.g., Downing v. Abbott Labs.*, 2017 WL 11812654, at *2 (N.D. Ill. Nov. 2, 2017) (unsupported speculation insufficient to inquire into defendant's preservation practices).

**Instant messages and/or chat data not stored on a server dedicated to this type of messaging.** Plaintiffs insist that TikTok should preserve all instant messages or chats on employees' personal devices. Yet they offer no reason they believe any responsive material is stored there. TikTok has a policy prohibiting its employees from discussing work issues on chat systems other than company-approved applications. Courts agree that TikTok may rely on that policy and limit its preservation and searching to company-issued devices and chats on the company's own servers absent evidence that relevant information exists on personal devices.[14]

---

[10] *See also* United States District Court for the Western District of Washington Model Agreement re: Discovery of Electronically Stored Information, available at https://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement_CLEAN_2.1.23.pdf, at § D.3(d) (excluding such logs from preservation obligation).

[11] Legacy Data, Legacy System: Electronically stored information that can only be accessed via software and/or hardware that has become obsolete or replaced. Legacy data may be costly to restore or reconstruct when required for investigation or litigation analysis or discovery. *The Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition*, 21 SEDONA CONF. J. 263 (2020).

[12] *See, e.g.*, *Mylan Pharm. Inc. v. Celgene Corp.*, 2016 WL 2943813, at *8 (D.N.J. May 20, 2016) (that data existed only on an "old legacy system" was "plainly apparent basis for undue burden"); *see also* 2006 Advisory Notes to the Federal Rules of Civil Procedure ("legacy data that remains from obsolete systems and is unintelligible on the successor systems" is not "reasonably accessible").

[13] *See* Seventh Circuit ESI Principle 2.04(d)(5) ("backup data that is substantially duplicative of data that is more accessible elsewhere" not discoverable); *see also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (party need not preserve "multiple identical copies" of documents or data).

[14] *See, e.g.*, *La Belle v. Barclays Cap., Inc.*, 340 F.R.D. 74, 84 (S.D.N.Y. 2022); *Banneker Partners, LLC v. Milk Moovement, Inc.*, 2023 WL 4686272, at *3 (E.D. Cal. July 21, 2023); *Goolsby v. Cnty. of San Diego*, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019).

**ISSUE 2.** Plaintiffs demand that TikTok produce ESI and metadata that is unavailable in the company's systems. Plaintiffs are entitled to ESI that is reasonably accessible on the systems TikTok uses in the ordinary course of its business, and TikTok has already agreed to provide those things. But they cannot require TikTok to change its systems to manufacture new metadata whose sole purpose is to respond to Plaintiffs' discovery demands.[15] Neither of the options on which Plaintiffs insist—the creation of new metadata for litigation or a compulsory manual process requiring hundreds or thousands of individual clicks—is reasonable or proportionate.

First, Plaintiffs demand that TikTok change its software to create exportable edit histories of documents created on Lark, TikTok's proprietary word processing software. A document's edit history appears as a running list of changes to the document, automatically updated every 10 seconds. As set forth in the attached declaration, some edit history information is available to the TikTok employee who created the document—but Lark does not provide the functionality to export that edit history information. *See* Ex. D, Declaration of Warren Solow, Nov. 19, 2024, at ¶ 3. Backend administrators cannot access the edit history of an employee's document. An employee, meanwhile, has available only a painstaking, click-by-click process to harvest edit history by manually opening and taking a screenshot of each portion of the edit history and providing those screenshots to TikTok's lawyers. This process would be a burdensome and disproportionate exercise that would divert employees from their normal work and have to be repeated for thousands of potentially responsive documents.

Second, Plaintiffs demand that TikTok produce earlier versions of specific documents. As with edit history, backend administrators do not have access to, and cannot export, older versions of documents. *See* Solow Dec. at ¶ 4. Knowing this, Plaintiffs argue that individual employees should parse through the running list of hundreds or thousands of changes to a document in its edit history to try and identify one single historic version of the document that most closely corresponds with some message or piece of information Plaintiffs have identified. This would place a massive burden on non-legal employees without any guarantee to Plaintiffs that they would receive the version they seek (let alone any new, relevant information). And in many circumstances it would require the employee to "restore" that older version as the current version of the document, *see id.*, thus requiring the employee to manually undo those changes to restore the "current" version. TikTok has no obligation to make changes to its current records in order to satisfy its discovery obligations. *See* Fed. R. Civ. P. 34(b)(2)(E)(i)-(ii) (requiring parties to produce documents as they are kept in the usual course of business).

---

[15] *See, e.g.*, *Wilson v. Conair Corp.*, 2015 WL 1994270, at *4 (E.D. Cal. Apr. 30, 2015) (metadata obligations "depend[] on the form in which the ESI whose metadata is sought is kept in the ordinary course of business"); *Paramount Pictures Corp. v. Replay TV*, 2002 WL 32151632, at *3 (C.D. Cal. May 30, 2002) (declining to require party to "undertake a major software development effort" to provide requested discovery).