**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 2948-A<br><br>Master Docket No. 24 C 2110<br><br>Judge Rebecca R. Pallmeyer |

**PLAINTIFFS' UNOPPOSED MOTION FOR REAPPOINTMENT OF**
**<u>PLAINTIFFS' STEERING COMMITTEE</u>**

I.      **INTRODUCTION**

On March 15, 2024, the Court appointed Roland Tellis of Baron & Budd, P.C., as Chair of the Plaintiffs' Steering Committee ("PSC"); along with Carey Alexander of Scott+Scott Attorneys at Law LLP; Stephen R. Basser of Barrack, Rodos & Bacine; Kate M. Baxter-Kauf of Lockridge Grindal Nauen PLLP; James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C.; Israel David of Israel David LLC; MaryBeth V. Gibson of Gibson Consumer Law Group, LLC; Tyler S. Graden of Kessler, Topaz, Meltzer, & Check, LLP; John Herman of Herman Jones LLP; Michael R. Reese of Reese LLP; and Bryan P. Thompson of Chicago Consumer Law Center, P.C. as PSC members, for a one-year period. Dkt. 2

The Court recognized that the PSC members are, "capable and experienced attorneys who will responsibly and fairly represent all Plaintiffs in the putative classes." *Id.* at 2. Over the past year, the PSC has not only met but exceeded those expectations. As described in detail below, through strategic leadership and coordinated litigation efforts, the PSC navigated complex legal challenges and has commenced significant discovery. These efforts have ensured the efficient advancement of Plaintiffs' claims.

With one proposed modification, reappointing the current PSC will ensure uninterrupted leadership, maintain the strategic coordination that has advanced Plaintiffs' claims, and sustain the rigorous advocacy that has driven this litigation forward. As explained below, Plaintiffs propose modifying the PSC by appointing Seth McCormick from Harrer Law, P.C. (formerly Chicago Consumer Law Center) to replace departing PSC member Bryan P. Thompson, formerly with Chicago Consumer Law Center. Mr. McCormick's appointment will ensure continued momentum while integrating a fresh perspective.

1

Accordingly, Plaintiffs respectfully request that the Court reappoint the PSC as modified to ensure the continued advancement of this important MDL.[1]

## II.   PSC LEADERSHIP HAS MEANINGFULLY ADVANCED THIS LITIGATION

Since its appointment, the PSC has diligently advanced Plaintiffs' claims, coordinated litigation strategy and efficiently managed this complex action. Over the past year, the PSC prepared and filed Plaintiffs' Master Consolidated Complaint ("MCC"), successfully opposed a Rule 12(b)(6) challenge to the MCC, commenced substantial discovery, conducted an initial inspection of Defendants' source code, and engaged in settlement discussions. These significant efforts are summarized below.

- **The PSC Prepared and Filed Plaintiffs' Master Consolidated Complaint.**
    a. On April 9, 2024, the PSC filed a 141-page MCC on Plaintiffs' behalf asserting a claim under the Electronic Communications Privacy Act (also known as the Federal Wiretap Act) and 10 state law claims against Defendants TikTok Inc., ByteDance Inc., Beijing Douyin Information Service Co. Ltd. a/k/a ByteDance Technology Co. Ltd., and Douyin Ltd. a/k/a ByteDance Ltd.
    b. The MCC asserts claims on behalf of a nationwide class of all natural persons in the United States who used the TikTok app to visit external, third-party websites via the in-app browser, along with four state subclasses: California, Florida, Illinois, and Pennsylvania.

---

[1] Counsel for Defendants has been informed of this motion and has informed Mr. Tellis that Defendants do not oppose it.

- **The PSC Successfully Defended Plaintiffs' Master Consolidated Complaint.**

    a. On June 7, 2024, TikTok Inc. and ByteDance Inc. moved to dismiss Plaintiffs' MCC. Defendants challenged all of Plaintiffs' claims on multiple grounds, arguing, *inter alia,* that Plaintiffs consented to the interception of their communications with third-party websites, Defendants were parties to Plaintiffs' communications, and the interceptions occurred in the ordinary course of business.

    b. On October 1, 2024, the Court denied Defendants' motion as to all claims except Plaintiffs' California UCL claims.

- **The PSC's Discovery Efforts Against Defendants.**

    a. After protracted negotiations with Defendants over preservation, collection, and production of potentially relevant ESI, Plaintiffs secured a ruling from the Court on February 19, 2025, reaffirming the Court's May 24, 2024, Preservation Order and adopting Plaintiffs' proposed ESI Protocol. *See* Dkt. Nos. 105, 107.

    b. To date, the PSC has served 123 Requests for Production of Documents ("RFPs"), 5 Interrogatories, and 110 Requests for Admission. Defendants have produced a limited set of documents in response to Plaintiffs' initial RFPs. The PSC expects its ongoing discovery efforts to yield significantly more documents this year as discussions regarding search terms and ESI sources conclude.

    c. On March 6, 2025, the PSC served TikTok Inc. with a 30(b)(6) notice concerning Defendants' source code—an important step in the PSC's ongoing efforts to obtain crucial evidence for Plaintiffs' claims. The notice seeks testimony on critical aspects of Defendants' source code, including its purpose and function, modifications made to it, and other highly relevant topics.

- **Defendants' Discovery Efforts Directed at Plaintiffs.**

    a. On January 24, 2025, Defendants served Plaintiffs with 23 RFPs and 6 Interrogatories. The PSC is diligently working with Plaintiffs to prepare their objections and responses, which are due on or before March 26, 2025.

- **The PSC's Examination of Defendants' Source Code.**

    a. Under the PSC's direction, Plaintiffs' source code expert conducted two multi-day inspections, yielding the production of approximately 170 pages of Defendants' source code. A dispute remains over the scope of relevant source code, which the PSC is committed to resolving shortly.

- **Entry of a Case Schedule**

    a. On December 17, 2024, the PSC and defense counsel stipulated to a modified case schedule which provides deadlines for (a) Plaintiffs' motion for class certification; (b) the completion of fact discovery and related motions, (c) expert witness disclosures and discovery, (d) dispositive and Daubert motions, and (e) a pretrial conference. Dkt. No. 95. On December 23, 2024, the Court entered the stipulation and case schedule. Dkt. No. 96.

- **Ongoing Settlement Discussions.**

    a. On July 18, 2024, members of the PSC participated in a full-day mediation with Defendants' counsel. The mediation was conducted by Gregory P. Lindstrom of Phillips ADR Enterprises. The parties agreed that further discovery, including source code inspections, would benefit both sides before a second mediation. The PSC remains engaged with Defendants on scheduling a second mediation later this year, after further progress in the PSC's investigation.

As the litigation advances, the PSC remains committed to aggressively pursuing discovery, including analyzing forthcoming document productions in response to its outstanding requests, taking depositions of relevant witnesses, continuing expert investigation and analysis, and laying the groundwork for a strong class certification motion in the fall. The PSC remains vigilant and prepared to address any challenges Defendants may raise as the case progresses.

**III.     THE PROPOSED PLAINTIFFS' STEERING COMMITTEE**

As described in detail above, the proposed PSC consists of attorneys who have already demonstrated effective leadership in this litigation, along with one proposed new member who brings additional strengths and resources.

**a.     Reappointed Members**

The attorneys listed below seek reappointment to the PSC and have played integral roles in advancing this case. Maintaining this proven leadership team preserves the momentum of this litigation and ensures continuity in Plaintiffs' strategic direction, while the addition of one new member further supports the PSC's effectiveness.

1. Roland Tellis, Chair – Baron & Budd, P.C.;
2. Stephen R. Basser – Barrack, Rodos & Bacine;
3. James E. Cecchi – Carella, Byrne, Cecchi, Brody & Agnello, P.C.;
4. MaryBeth V. Gibson – Gibson Consumer Law Group, LLC;
5. John Herman – Herman Jones LLP;
6. Israel David – Israel David LLC;
7. Tyler S. Graden – Kessler, Topaz, Meltzer, & Check, LLP;
8. Kate M. Baxter-Kauf – Lockridge Grindal Nauen PLLP;
9. Michael R. Reese – Reese LLP; and

      10. Joseph P. Guglielmo – Scott+Scott Attorneys at Law LLP.[2]

    **b.**     **Proposed New Member of the PSC**

The PSC respectfully requests that the Court appoint Seth McCormick of Harrer Law, P.C. (formerly Chicago Consumer Law Center) in place of Bryan P. Thompson, who was initially appointed to the PSC by the Court on March 15, 2024[3] but who has recently left his law firm. This request is supported by Mr. Thompson, and the entire PSC. Counsel for Defendants has been advised of this request and has informed Mr. Tellis that Defendants do not oppose Mr. McCormick replacing Mr. Thompson on the PSC.

Mr. Thompson is no longer with Harrer Law, P.C., and his withdrawal from the PSC is, therefore, appropriate. Appointing Mr. McCormick aligns with this Court's prior directive. He is a "capable and experienced" lawyer who will "responsibly and fairly represent all [Plaintiffs]." *In re Abbot Laboratories, et al.*, MDL No. 3026. Mr. McCormick is committed to working collaboratively within the established leadership structure to efficiently and effectively litigate this matter.

As reflected in Mr. McCormick's resume, attached as Exhibit 1 to his Declaration, Mr. McCormick is an experienced litigator with experience in complex litigation and consumer protection issues. More broadly, Mr. McCormick and Harrer Law, P.C. are committed to working with the PSC to vigorously litigate this matter to a successful conclusion.

---

[2] On August 27, 2024, counsel for Plaintiff G.R. moved the Court for an order allowing the withdrawal of Carey Alexander and substituting in his place Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP. Dkt. No. 69. The Court granted this motion on August 28, 2024. Dkt. No. 71.

[3] At the time of Mr. Thompson's appointment, he was associated with the Chicago Consumer Law Center which subsequently changed its name to Harrer Law, P.C.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Reappointment of the Plaintiffs' Steering Committee, as modified to reflect the proposed change in membership.

Respectfully submitted,

Dated: March 17, 2025

**BARON & BUDD, P.C.**

/s/ *Roland Tellis*
Roland Tellis
rtellis@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333

Stephen R. Basser
sbasser@barrack.com
**BARRACK, RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800

James E. Cecchi
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700

MaryBeth V. Gibson
marybeth@gibsonconsumerlawgroup.com
**GIBSON CONSUMER LAW GROUP, LLC**
4729 Roswell Road
Suite 208-108
Atlanta, GA 30342
Telephone: (678) 642-2503

John Herman
jherman@hermanjones.com
**HERMAN JONES LLP**
3424 Peachtree Road NE
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6555
Israel David
Israel.david@davidllc.com
**ISRAEL DAVID LLC**
17 State Street
Suite 4010
New York, NY 10004
Telephone: (212) 739-0622

Tyler S. Graden
tgraden@ktmc.com
**KESSLER, TOPAZ, MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610)667-7706

Kate M. Baxter-Kauf
kmbaxter-kauf@locklaw.com
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Michael R. Reese
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street
Sixteenth Floor
New York, NY 10025
Telephone: (212) 643-0500

Joseph P. Guglielmo
jguglielmo@scott+scott.com
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
Telephone: (212) 223-6444

Seth McCormick
seth@harrerlaw.com
**HARRER LAW, P.C.**
650 Warrenville Rd., Suite 100
Lisle, IL 60532
Telephone: 312-858-3240

*Counsel for Plaintiffs and the Putative Classes*