**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION | MDL No. 2948-A |
| | Master Docket No. 24 C 2110 |
| This Document Relates to: | Judge Rebecca R. Pallmeyer |
| ALL ACTIONS | |

**<u>FIRST AMENDED AGREED CONFIDENTIALITY ORDER</u>**

The parties to this First Amended Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively, "discovery"), shall be subject to this Order concerning Confidential Information, Highly Confidential Information, and Source Code, as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Non-Parties.** Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.

1

3.        **Confidential Information, Highly Confidential Information, and Source Code.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information, unless such information or documents were leaked, stolen, or otherwise made public without consent of the Producing Party and the Producing Party has taken reasonable steps to remedy the disclosure and destroy publicly available copies within a reasonable amount of time upon discovery.  For the avoidance of doubt, nothing in this paragraph restricts the use or disclosure of information or documents that are publicly available and are not designated as Confidential Information, Highly Confidential Information or Source Code pursuant to this Order.  "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party that the Producing Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Producing Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (b) believes in good faith is significantly sensitive or protected by a right to privacy under federal or state law or any applicable foreign law or any

2

other applicable privilege or right related to confidentiality or privacy. "Source Code" means information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" by the Producing Party. "Source Code" material includes computer source code such as Java, C, C++, assembler, digital signal processing (DSP) programming language, firmware source code, as well as non-programming files that are part of the source code development suite (such as README, Release Note, log and input files), design files, and/or similarly sensitive code or schematics, as well as all materials referring or relating to the foregoing, that the Producing Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Producing Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (b) believes in good faith is significantly sensitive or protected by a right to privacy under federal or state law or any applicable foreign law or any other applicable privilege or right related to confidentiality or privacy.

4. **Designation.**

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. A party may designate a document as Highly Confidential Information for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. A party may designate a document as Source Code for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL – SOURCE CODE" on the document and on all copies in a

manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information, Highly Confidential Information, or Source Code. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be applied prior to or at the time the documents or discovery are produced or disclosed. Applying any of these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents or discovery marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall also be so marked, except that indices, electronic databases or lists of documents or discovery that do not contain substantial portions or images of the text of marked documents or discovery and do not otherwise disclose the substance of the Confidential Information, Highly Confidential Information, or Source Code are not required to be marked.

(b)     The designation of a document as Confidential Information, Highly Confidential Information, or Source Code is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information, Highly Confidential Information, or Source Code as defined in this Order.[1]

---

[1] An attorney who reviews the documents or discovery and designates them as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois for purposes of this MDL. By designating documents or discovery "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER,"

5.      **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, Highly Confidential Information, or Source Code, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, Highly Confidential Information, or Source Code, unless otherwise ordered by the Court.

6.      **Protection of Confidential Material.**

(a)      **General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

---

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

(b)     **Limited Third-Party Disclosures of Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     **Counsel.** Counsel for the parties and employees of Counsel who have responsibility for the action, and supporting personnel operating under the supervision of Counsel to whom it is reasonably necessary to disclose the information for the conduct of this litigation and who have signed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

(2)     **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     **The Court and its personnel**;

(4)     **Court Reporters and Recorders.** Court reporters and recorders engaged for proceedings in this matter;

(5)     **Neutrals.** Any designated mediator or other neutral party who is assigned to hear this matter, and his or her staff, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6)     **Litigation Support Services.** Those persons specifically engaged for the limited purpose of making copies of, organizing, translating, or processing documents or discovery, including outside vendors hired to translate foreign language documents or process electronically stored documents or discovery but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

(7)     **Consultants and Experts.** Consultants, investigators, or experts (as well as their support staff working under their supervision) retained by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6

(8) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary.[2] Witnesses shall not retain a copy of documents or discovery containing Confidential Information, Highly Confidential Information, or Source Code, except witnesses may receive a copy of all exhibits marked at their depositions solely in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information, Highly Confidential Information, or Source Code pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Any person other than the witness, his or her attorney(s), and any person qualified to receive Confidential Information, Highly Confidential Information, or Source Code under this Order must be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must be requested to execute Attachment A, Acknowledgement of Understanding and Agreement to Be Bound, which requires the attorney to maintain the confidentiality of Designated Material disclosed during the course of the examination. In the event that such attorney declines to sign such an agreement, such attorney cannot be shown Designated Material and cannot be present during questioning relating to the Designated Material;

(9) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of

---

[2] For the avoidance of doubt, a witness may not be examined or testify about Confidential Information, Highly Confidential Information, or Source Code unless the witness (1) is an employee of the Producing Party of such information; or (2) is a former employee of the Producing Party of such information but has prior and specific knowledge of the subject matters of such information and any reasonably related information, and who has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. A witness may not be shown a document designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" unless the witness (1) is an employee of the Producing Party of such information; or (2) is a former employee of the Producing Party of such information, but has prior and specific knowledge of the content of the document to be shown to such witness, and who has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. The witness may not copy, take notes on, or retain copies of any such material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party of any such material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his or her counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case.

litigation); and

(10) **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Highly Confidential Information.** Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 6(b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a party receiving Highly Confidential Information shall not disclose such information, other than to (a) outside counsel of record and employees of outside counsel of record who have responsibility for the action, and supporting personnel operating under the supervision of outside counsel of record to whom it is reasonably necessary to disclose the information for the conduct of this litigation and who have signed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound; and (b) the persons listed in Paragraph 6(b)(3)–(10).

(d) **Source Code.** Source Code shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 6(b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a party receiving Source Code shall not disclose such information, other than to (a) outside counsel of record and employees of outside counsel of record who have responsibility for the action and supporting personnel operating under the supervision of outside counsel of record to whom it is reasonably necessary to disclose the information for the conduct of this litigation and who have signed the certification contained in Attachment A, Acknowledgement of

Understanding and Agreement to Be Bound; and (b) the persons listed in Paragraphs 6(b)(3)–(6) and 6(b)(8)–(10). For the avoidance of doubt, any disclosure of Source Code to the persons listed in Paragraph 6(b)(6) shall not be contrary to any provisions related to Source Code provided herein and shall be for the limited purpose of translating foreign language documents or processing electronically stored documents or discovery. A party receiving Source Code may disclose such information to (1) the persons specifically engaged for the limited purpose of translating in Paragraph 6(b)(6) and (2) up to three (3)[3] outside consultants, investigators, or experts, to whom disclosure is reasonably necessary for this litigation but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound and only after the following procedures have been completed:

(1) **Notice.** Unless otherwise ordered by the court, or agreed to in writing by the Producing Party, if a Receiving Party wishes to disclose another party's Source Code to any person specifically engaged for the limited purpose of translating in Paragraph 6(b)(6), consultant, investigator, or expert, the Receiving Party must provide advance written notice by email to counsel for the Producing Party, which notice must include: (a) the individual's full name and the city and state of his or her primary residence; (b) the individual's current CV; (c) identification (by name and number of the case, filing date, and location of court) of any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial within the last five years (to the extent applicable); (d) an identification of all persons or entities from whom the individual received compensation or funding for work in his or her areas of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time within the last ten years (to the extent applicable);

---

[3] The parties agree to meet and confer in good faith if a party receiving Source Code believes that it is reasonably necessary for this litigation to retain more than three (3) consultants, investigators, or experts to review the Producing Party's Source Code. If the parties cannot reach agreement, then the party receiving Source Code reserves the right to seek resolution by the Court.

and (e) a signed copy of Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

(2) **Objections.** The Producing Party will have ten (10) business days from receipt of the notice specified in Paragraph 6(d)(1) to object in writing to such disclosure. Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-business day period, if no objection has been asserted, then Source Code may be disclosed to such person specifically engaged for the limited purpose of translating in Paragraph 6(b)(6), consultant, investigator, or expert pursuant to the terms of this Order. However, if the Producing Party objects within the 10-business day period, the Receiving Party may not disclose Source Code to the challenged individual absent written resolution of the dispute or Court Order. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the Court within fourteen (14) days of receipt of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. If the objecting party fails to move for a protective order within the prescribed period, any objection to the person specifically engaged for the limited purpose of translating in Paragraph 6(b)(6), consultant, investigator, or expert is waived, and the Source Code may thereafter be disclosed to such individual. If the objecting party timely moves for a protective order, Source Code must not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the objecting party, whichever occurs first.

(e) **Additional Protections for Source Code.**

(1) Any Source Code produced in discovery shall be made available for inspection, upon reasonable notice to the Producing Party subject to availability, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times. The Source Code will be produced in native, computer searchable format on the Source Code Computer as described below.

(2) Access to a party's Source Code shall be provided only on a password protected "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, or any peripheral device, including a USB drive, except that the stand-alone computer may be connected to a printer or printers and a monitor and will have a mouse and keyboard connected) ("Source Code Computer") allowing the Source Code to be reasonably reviewed and searched. The Source Code Computer shall be located in a secured room ("Source Code Review Room"). Additionally, except as provided in this

Order, and absent agreement otherwise by the parties, the Source Code Computer may only be located at the offices of the Producing Party, that party's counsel of record's offices, or at another secure location within the United States determined by the Producing Party. The Producing Party shall install tools that are sufficient for viewing the Source Code produced for inspection on the Source Code Computer. The Receiving Party's outside counsel and/or consultants, experts and/or investigators may request that commercially available and commonly accepted software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) such software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD/DVD/USB drive or file share link containing such software tool(s), or a link to a website where the software may be downloaded for installation together with any necessary license, at least ten (10) business days in advance of the date upon which the Receiving Party wishes to have the software tools available for use on the Source Code Computer. The Receiving Party is responsible for paying any license or subscription fees for the requested software tools. Should the Producing Party have any concerns about the requested tools, such as that they are used for things other than reviewing and searching source code or not commonly accepted in the industry, the parties shall meet and confer in good faith to resolve any such concerns. Otherwise, assuming the above conditions are met, the Producing Party shall install the requested software tools on the Source Code Computer. Unless otherwise agreed in writing by the parties, the Receiving Party must not at any time use any compilers, interpreters, or simulators in connection with the Producing Party's Source Code. Except as otherwise provided herein or agreed in writing by the parties, in no event may tools be installed on the Source Code Computer that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any Source Code.

(3)     If a party has in its possession any Source Code that is owned by an unaffiliated third party and subject to a claim of confidentiality, the party possessing the third-party Source Code will not be required to produce such code until such time as the unaffiliated third party has had an opportunity to object to such production and to seek a protective order from the Court concerning the same within ten (10) business days of being notified of the anticipated production of such code.

(4)     Except as otherwise provided in this Order or ordered by the Court or agreed to in writing by the Producing Party, no physical copies of all or any portion of the Source Code may leave the Source Code Review Room.

11

Further, except as provided herein, no written or electronic record of the Source Code is permitted. The Receiving Party may request paper copies of limited portions of Source Code it has reviewed and identified as reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code in the first instance. Each line of Source Code produced will be numbered for identification purposes. Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the lines of Source Code that the Receiving Party requests the Producing Party print. For the avoidance of doubt, the Receiving Party may only create PDFs on the Source Code Computer for the purposes of identifying Source Code for the Producing Party's review of the Receiving Party's request for paper copies. The PDF created by the Receiving Party will identify, either in the header, footer, or body of the PDF, the directory path(s), filename(s) and line number(s) of the portions of Source Code that are included in the PDF for which printing is requested, as well as the date it was created. The PDFs created by the Receiving Party will be saved in a folder on the Source Code Computer named "Print Requests" with a subfolder identifying the date of the request. The Receiving Party must notify the Producing Party of the request and the name of the subfolder containing the PDFs for which printing is requested. The Producing Party shall provide paper copies of the corresponding portions of Source Code to the Receiving Party as soon as practicable, but in no event later than five (5) business days, after receiving the Receiving Party's request. The paper copies shall include Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE". The Producing Party may object to the amount of Source Code requested in hard copy form. If the Producing Party objects, the printed pages of Source Code in question need not be produced until the objection is resolved by the Court. Any printing request for a portion of Source Code that consists of more than twenty-five (25) pages of a continuous block of Source Code shall be presumed excessive. The Receiving Party may request printouts of no more than five hundred (500) pages total. To the extent that more printouts of Source Code are required, written approval from the Producing Party shall be given in good faith once the Receiving Party articulates a reasonable need. The Receiving Party shall maintain a log of all copies of Source Code that it receives. The copies are subject to the same protections as set forth herein.

(5)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code.

(6)     No recordable media, recordable devices, or duplicating machines, including without limitation: sound recorders, computers, cellular

telephones, peripheral equipment, cameras, CDs, DVDs, scanners, printers, photocopiers, or drives of any kind, shall be permitted into the Source Code Review Room absent agreement of the Producing Party.

(7)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.  However, the notes may include filenames, function names, variable names, and line numbers.

(8)     The party producing Source Code may visually monitor the activities of the Receiving Party's representatives during any Source Code review, provided that the screens of the Source Code Computer are not visible to the Producing Party.  Such monitoring may take place only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way. The Producing Party is expressly prohibited from attempting to view or record the Receiving Party's work product which includes without limitation: written notes, electronic notes, the screen of the Source Code Computer during the inspection, and the keystrokes entered on the Source Code Computer during the inspection.  The Receiving Party's representatives will be provided a separate secure room with a table and chairs (separate from the room with the Source Code Computer) at the office where the Source Code review occurs, where the Receiving Party's representatives will be able to work outside of the room with the Source Code Computer and store their belongings.

(9)     All persons who will review Source Code on the Source Code Computer on behalf of the Receiving Party, including that party's outside counsel of record, shall be identified in writing to the Producing Party at least five (5) business days in advance of the first time that such person reviews Source Code on the Source Code Computer.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code on the Source Code Computer shall sign, on each day they view Source Code, a log that will include the names of persons who view the Source Code on the Source Code Computer and when they enter and depart the Source Code Review Room.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the Source Code Review Room or the Source Code Computer may be denied to any individual who fails to provide proper identification.  The parties also understand that there may be additional

13

reasonable logistical requirements related to physical access to facilities where Source Code is located. The parties agree to work together to resolve concerns related to any such additional logistical requirements.

(10)   Except as provided herein, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of the Source Code for use in any manner (including, by way of example only, the Receiving Party may not scan Source Code to a PDF or photograph the code). Paper copies of the Source Code also may not be converted by the Receiving Party into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. The Receiving Party shall be permitted to make electronic copies of the Source Code—without the use of OCR technology unless required by a Court Order—from any paper copy of the Source Code only if necessary and solely for the purposes of preparing court filings, pleadings, expert reports, or for deposition or trial. The Receiving Party shall be permitted to make up to two (2) additional paper copies of printed Source Code, subject to the requirements of Paragraph 6(e)(4). Notwithstanding the limit for up to two paper copies in the preceding sentence, additional paper copies are permitted if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of the Receiving Party's case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of Source Code are quoted in a court document, the parties shall attempt to either (1) stamp the entire court document as "HIGHLY CONFIDENTIAL – SOURCE CODE" in the header and/or footer; or (2) separately stamp those pages containing quoted Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE" in the header and/or footer.

(11)   Any printouts or photocopies of Source Code must be stored in a secured, locked storage container at the office of the Receiving Party's outside counsel of record when they are not in use. Outside consultants and experts may keep printouts or photocopies of the Source Code assuming that similar security measures are employed. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances

14

and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code. The Receiving Party's outside counsel shall keep a log identifying the name of each person who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party must produce such log upon five (5) business days' advance notice only when the Producing Party has a good faith reasonable basis for believing that a violation of this Order has occurred and explains the basis for such belief in writing at the time of the request for the log. Within thirty (30) calendar days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and, either securely deliver to the Producing Party or certify the destruction of, all copies of the Source Code.

(12)     To the extent allowed under the terms of this Order, Source Code may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 6(d) above to another person authorized under Paragraph 6(d) above, on paper via hand carry, Federal Express (tracking capability required) or other similarly reliable courier (tracking capability required). Source Code may not be transported or transmitted electronically by the Receiving Party. Parties shall give the other party notice if they reasonably expect a deposition, hearing or other proceeding to include material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" so that the other party can ensure that only authorized individuals are present. For depositions, copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts, rather, the deposition record will identify the exhibit by its production numbers. As an alternative to the use of printouts at a deposition, the Producing Party shall, on request, make a copy of the Source Code available on a single stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The Receiving Party shall make such requests at least ten (10) business days before the deposition.

(13)     No other copying or transcribing of Source Code is allowed beyond that described in this Order. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code, unless explicitly permitted by this Order.

(f)      **Control of Documents or Discovery.** Counsel for the parties shall

make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential

Information, Highly Confidential Information, and Source Code. Counsel shall maintain the

originals of the forms signed by persons acknowledging their obligations under this Order

for a period of three years after the termination of the case.

7.      **Inadvertent Failure to Designate.** An inadvertent failure to designate a

document as Confidential Information, Highly Confidential Information, or Source Code does

not, standing alone, waive the right to so designate the document; provided, however, that a

failure to serve a timely Notice of Designation of deposition testimony as required by this Order,

even if inadvertent, waives any protection for deposition testimony.  For the avoidance of doubt,

a waiver of protection for deposition testimony does not constitute a waiver of protection for any

Confidential Information, Highly Confidential Information, or Source Code discussed or

referred to in that testimony. If a party designates a document as Confidential Information,

Highly Confidential Information, or Source Code after it was initially produced, the Receiving

Party, on notification of the designation, must make a reasonable effort to assure that the

document is treated in accordance with the provisions of this Order. No party shall be found to

have violated this Order for failing to maintain the agreed-upon level of confidentiality of

material during a time when that material has not been designated Confidential Information,

Highly Confidential Information, or Source Code, even where the failure to so designate was

inadvertent and where the material is subsequently designated.

8.      **Filing of Confidential Information, Highly Confidential Information, or**

**Source Code.** This Order does not, by itself, authorize the filing of any document under seal.

Any party wishing to file a motion, brief, or other submission to the Court that references or

quotes a document designated as Confidential Information, Highly Confidential Information, or

Source Code, or a document designated as Confidential Information, Highly Confidential

Information, or Source Code in connection with a motion, brief or other submission to the

16

Court, must comply with LR 26.2.

9. **No Greater Protection of Specific Documents or Discovery.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Confidential Information, Highly Confidential Information, or Source Code.** The designation of any material or document as Confidential Information, Highly Confidential Information, or Source Code is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information, Highly Confidential Information, or Source Code must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to such challenge within ten (10) days. The parties will meet and confer within seven (7) days of the designating party's response.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the

17

designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information, Highly Confidential Information, or Source Code under the terms of this Order.

11.     **No Waiver of Objections to Designations.** No Party receiving Confidential Information, Highly Confidential Information, or Source Code shall be under any obligation to object to the designation at the time such designation is made or at any time thereafter except as provided herein. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time, except that, with respect to deposition designations, a party must object to such designation within fourteen (14) days after receiving a Notice of Designation, as described in Paragraph 5. A party's failure to do so shall result in the waiver of objections to that deposition testimony.

12.     **Action by the Court.** Applications to the Court for an order relating to materials, documents, or discovery designated Confidential Information, Highly Confidential Information, or Source Code shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents or discovery produced in discovery or at trial.

13.     **Use of Confidential Information, Highly Confidential Information, or Source Code at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information, Highly Confidential Information, or Source Code at a hearing or trial shall bring that issue to the Court's and parties'

18

attention by motion or in a pretrial memorandum without disclosing such information. The Court may thereafter make such orders as are necessary to govern the use of such documents or discovery or information at trial. Subject to any objections to designations made by the Receiving Party to any Confidential Information, Highly Confidential Information, or Source Code before the Producing Party makes the request to seal the courtroom, the parties will not otherwise oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Confidential Information, Highly Confidential Information, or Source Code.

14. **Confidential Information, Highly Confidential Information, or Source Code Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, Highly Confidential Information, or Source Code, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested persons to

19

the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information, Highly Confidential Information, or Source Code in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, Highly Confidential Information, or Source Code, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information, Highly Confidential Information, or Source Code by the other party to this case.

15. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents or discovery that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Unauthorized Disclosure.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information, Highly Confidential Information, or Source Code to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of such material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iv) request such person or persons to execute Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

17. **Export Control.**  A Receiving Party may not transmit or transport or communicate Confidential Information, Highly Confidential Information, or Source Code to

any person, location, or vendor outside of the United States, without the written agreement of the Producing Party or an order of the Court. This provision is not intended to prevent the Receiving Party's counsel of record from transporting designated material abroad for use in depositions (or the foreign equivalent) or related proceedings provided, however, that: (i) use in any foreign deposition(s) is otherwise consistent with the provisions of this Order; (ii) counsel of record undertakes reasonable precautions at all times to ensure the security of designated material when being transported and used abroad, including transporting the Source Code using methods as provided under Paragraph 6(e)(12); and (iii) any material transported outside of the United States for depositions must be securely transported back to the United States after the deposition is complete or provided to counsel for the Producing Party upon conclusion of the deposition.

18. **Prosecution Bar.** Absent written consent from the Producing Party, any individual who obtains, receives access to or otherwise learns, in whole or in part, the Producing Party's Highly Confidential Information or Source Code under this Order shall not be involved in the prosecution of patents or patent applications relating to the subject matter of that information before any foreign or domestic agency, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to the relevant material is first received by the affected individual and shall end two (2) years after final termination of this action.

21

19.     **Copies of Confidential Information and Highly Confidential Information.**

Copies of Confidential Information and Highly Confidential Information shall be maintained only in the offices or homes (if the individual is working from home) of the Receiving Party's counsel of record and, to the extent supplied to consultants, investigators or experts, in the offices or homes (if the individual is working from home) of those consultants, investigators or experts, unless it is reasonably necessary for the Receiving Party's counsel of record, consultants, investigators or experts to bring such copies with them when traveling, provided that reasonable precautions are undertaken at all times to ensure the security of the copies and subject to the export control requirement under Paragraph 17. Any documents produced in this litigation that are provided to qualified persons shall be maintained only at the office or home (if the individual is working from home) of such qualified person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing such material may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation. Nothing in this paragraph shall supersede or alter the requirements for the handling of paper copies of Source Code.

20.     **Right to Seek Modifications of Agreed Confidentiality Order.**  This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order when convenience or necessity requires. No party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. The Court will take appropriate measures to protect Confidential Information, Highly Confidential Information, or Source Code at trial and any

hearing in this case.

21.    **Obligations on Conclusion of Litigation.**

(a)    **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    **Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information, Highly Confidential Information, and Source Code, including copies as defined in Paragraph 4(a), shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[4] or (3) as to documents or discovery bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents or discovery and certifies to the Producing Party that it has done so.

(c)    **Retention of Work Product and one set of Filed Documents or Discovery.** Notwithstanding the above requirements to return or destroy documents or discovery, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, Highly Confidential Information, or Source Code, so long as that work product does not duplicate verbatim substantial portions of such information, and (2) one complete set of all documents or discovery filed with the Court including those filed under

---

[4] The parties may choose to agree that the Receiving Party shall destroy documents containing Confidential Information, Highly Confidential Information, and Source Code and certify the fact of destruction, and that the Receiving Party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include such information, or such information contained in deposition transcripts or drafts or final expert reports.

seal. Any retained Confidential Information, Highly Confidential Information, or Source Code shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information, Highly Confidential Information, or Source Code.

(d) **Deletion of Documents or Discovery filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

22. **Jurisdiction.** The United States District Court for the Northern District of Illinois is responsible for the interpretation and enforcement of this Order. All disputes concerning material produced under the protection of this Order will be resolved by the United States District Court for the Northern District of Illinois. Every individual who receives any such material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

23. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

24. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information, Highly Confidential Information, or Source Code by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil

24

Procedure or otherwise until such time as the Court may rule on a specific document or issue.

25.      **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

***So Ordered.***

Dated: _____

_____
Hon. Rebecca R. Pallmeyer
United States District Judge

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*/s/ Roland Tellis*
_____
Signature

Roland Tellis
_____
Printed Name

Counsel for: Plaintiffs_____

Dated: April 4, 2025

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*/s/ Anthony J Weibell*
_____
Signature

Anthony J Weibell
_____
Printed Name

Counsel for: Defendants_____

Dated: April 4, 2025

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION** | **MDL 2948-A** |
| | **Master Docket No. 24-cv-2110** |
| **This Document Relates to:** | **Judge Rebecca R. Pallmeyer** |
| **ALL ACTIONS** | |

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and attached

hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned

submits to the jurisdiction of the United States District Court for the Northern District of Illinois

in matters relating to the Confidentiality Order and understands that the terms of the

Confidentiality Order obligate him/her to use materials designated as Confidential Information,

Highly Confidential Information, or Source Code in accordance with the Order solely for the

purposes of the above-captioned action, and not to disclose any such information to any other

person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

Signature