UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION** <br><br> **This Document Relates to:** <br><br> **ALL ACTIONS** | MDL 2948-A <br><br> Master Docket No. 24-cv-2110 <br><br> **STIPULATION AND [PROPOSED] ORDER RE: PRESERVATION OF EVIDENCE** <br><br> **Judge Rebecca R. Pallmeyer** |

Plaintiffs and Defendants in the above-captioned MDL (the "Parties"), by and through their respective counsel, stipulate to the following:

1. WHEREAS, on August 17, 2020, Judge John Z. Lee entered an evidence preservation Order requiring the parties in MDL 2948, including TikTok Inc., to preserve all evidence that may be relevant to the action. *See* Case Management Order No. 1 at p. ¶ 14; *In Re: TikTok Inc. Consumer Privacy Litig.*, No. 1:20-cv-04699, (N.D. Ill. Dec. 18, 2020) (MDL Case No. 2948), ECF 4 at 10-11.

2. WHEREAS, on December 5, 2022, Plaintiff Recht sent TikTok Inc. and ByteDance Inc., via their registered agents, a Demand for Preservation of Evidence and Litigation Hold.

3. WHEREAS, on April 24, 2024, President Joe Biden signed the Protecting Americans From Foreign Adversary Controlled Applications Act (the "Act").

4. WHEREAS, the Act requires TikTok to be blocked in the United States unless ByteDance Ltd. sells TikTok to an entity that is not "controlled by a foreign adversary" within 270 days. Under the Act, if TikTok is not sold, U.S. app stores will be required to remove the app, and domestic Internet hosting firms will be prohibited from supporting its distribution.

5.     WHEREAS, on May 7, 2024, TikTok Inc. and ByteDance Ltd. filed a Petition for Review of Constitutionality of the Act in the United States Court of Appeals for the District of Columbia.

**NOW THEREFORE**, considering the foregoing, the Parties agree as follows:

1.     All parties and their counsel have had and continue to have a duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, and control of the Parties, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.

2.     "Documents, data, and tangible things" is to be interpreted broadly to include source code, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies, or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

3.     Until the Parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation.

4.     The Parties further agree that they are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.

Dated: May XX, 2024

**For Plaintiffs:**

/s/ *Draft*
_____
Roland Tellis
Baron & Budd, P.C.
Chair, Plaintiffs' Steering Committee


**For Defendants:**

/s/ *Draft*
_____
Anthony J. Weibell
Mayer Brown LLP
Counsel for Defendants



**SO ORDERED** on this _____ day of _____, 2024.


                                                _____
                                                Hon. Rebecca R. Pallmeyer
                                                United States District Judge