# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION** | **MDL 2948-A** |
| | **Master Docket No. 24-cv-2110** |
| **This Document Relates to:** | **CASE MANAGEMENT ORDER NO. XXXXX** |
| **ALL ACTIONS** | |
| | **Judge Rebecca R. Pallmeyer** |

### JOINT STIPULATED ORDER REGARDING THE PROTOCOL FOR PRODUCING DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI")

To expedite the production of discovery material and to facilitate consistency in the format of the documents to be produced by the Parties in this case, Plaintiffs and Defendants (collectively, the "Parties"), by and through their respective counsel hereby stipulate and agree to the terms of this Stipulated Order Regarding the Protocol for Producing Documents and Electronically Stored Information ("ESI") (the "ESI Protocol"):

**IT IS HEREBY STIPULATED**, subject to the approval of the Court that:

1. This ESI Protocol shall govern the production of documents and ESI by the Parties in the above captioned litigation ("this Action").

2. The Parties shall preserve documents and ESI relevant to the claims and defenses in the matter, and proportional to the needs of this Action.

3. The production of Documents and ESI also shall be subject to the provisions of orders concerning confidentiality and privilege (collectively, the "Protective Orders") as agreed

to among the Parties and/or entered by the Court.

4. A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this Order and a copy of the Protective Orders with such subpoena and state that the Parties in the litigation have requested that non-Parties produce documents in accordance with the specifications set forth herein, including, specifically as to such non-Party productions:

    (a) The Issuing Party shall produce a copy to all other parties of any documents and ESI (including any metadata) obtained under subpoena to a non-Party.

    (b) If the non-Party production is not Bates-stamped by the Non-Party Producer, prior to any Party reproducing the Non-Party Documents, the Parties will meet and confer to agree upon a format for designating the documents with a unique Bates prefix and numbering scheme.

5. Nothing in this ESI Protocol shall be interpreted to require disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections to the discoverability, admissibility, or confidentiality of Documents or ESI. The Parties reserve all objections under the Federal Rules of Civil Procedure and applicable decisional authority other than concerning matters that are addressed in this Order.

6. Nothing in this ESI Protocol shall be construed to eliminate, alleviate, or shift any obligations the Parties have to produce relevant and responsive documents pursuant to the Federal Rules of Civil Procedure, including but not limited to Rules 26 and 34.

7. The production specifications in this ESI Protocol apply to paper records and ESI that are produced after the date of entry of this ESI Protocol. To the extent any documents,

ESI, or other materials produced in a related action, prior to the entering of this ESI Protocol, are re-produced in this litigation, the Defendants are not under any obligation to produce those materials in a manner different from how they were originally produced. This paragraph does not, however, bar requests for data fields identified in this Order that are missing from any ESI materials produced in related actions, or to the extent that a document is illegible and needs to be reproduced to be readable.

8. To the extent additional obligations or rights not addressed in this ESI Protocol arise under Federal Rules of Civil Procedure 26, 33, and 34, local rules, or applicable state and federal statutes, those rules and/or statutes shall control.

### A. Definitions

1. **"Confidentiality Designation"** means the legend affixed to "Confidential Information" as defined by, and subject to, the terms of the Agreed Confidentiality Order entered in this Action.

2. **"Discovery Material"** is defined as all information produced, given, or exchanged by and among all Parties, or received from non-Parties in the Litigation, including all deposition testimony, testimony given at hearings or other proceedings, interrogatory answers, documents, and all other discovery materials, whether produced informally or in response to requests for discovery.

3. **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34. The term "document" shall include hard-copy documents, electronic documents, and ESI as defined herein.

4. **"Electronically Stored Information"** or **"ESI,"** as used herein has the same meaning as in the Federal Rules of Civil Procedure 26 and 34 and includes Electronic Documents or