**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION** | **MDL 2948-A** |
| | **Master Docket No. 24-cv-2110** |
| **This Document Relates to:** | **Judge Rebecca R. Pallmeyer** |
| **ALL ACTIONS** | |

<u>**JOINT STIPULATED ORDER REGARDING THE PROTOCOL FOR PRODUCING DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI")**</u>

To facilitate the production of discovery material and consistency in the format of the documents to be produced by the Parties in this case, Plaintiffs and Defendants (collectively, the "Parties"), by and through their respective counsel hereby stipulate and agree to the terms of this Stipulated Order Regarding the Protocol for Producing Documents and Electronically Stored Information ("ESI") (the "ESI Protocol"):

**IT IS HEREBY STIPULATED**, subject to the approval of the Court, that:

1. This ESI Protocol shall govern the production of documents and ESI by the Parties in the above captioned litigation ("this Action").

2. The Parties shall make reasonable efforts to preserve documents and ESI relevant to the claims and defenses in the matter, and proportional to the needs of this Action. The Parties agree that the Parties need not preserve, search for, or produce: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) random access memory

769524973.4

Commented [SC1]: We haven't accepted this edit. We want to meet and confer with you about this. For example, we need to know what kinds of data and/or documents this would potentially implicate.

Commented [SH2R1]: What exactly would you like to discuss with respect to our proposed addition? We think the language is clear as to which types of data would not be preserved, searched for, or produced.

Formatted: Footer Reference

Field Code Changed

(RAM), temporary files, or other data difficult to preserve without disabling the operating system; (3) on-line access data such as temporary internet files, history, cache, cookies, and the like; (4) data in metadata fields that are frequently updated automatically, such as last-opened dates; (5) server, system, or network logs; (6) data remaining from systems no longer in use that is unintelligible on the systems currently in use; and (7) back-up data that is entirely duplicative of data that can be collected from reasonably accessible sources located elsewhere. Also, absent a showing of good cause, the following are deemed not reasonably accessible and need not be collected or preserved: (1) data contained on mobile phones and personal devices; (2) voicemail messages of any kind; and (3) instant messages and/or chat data not stored on a server dedicated to this type of messaging.[1] The Parties will take reasonable steps to preserve all Metadata associated with documents and ESI that is created in the normal course of business and available at the time of collection. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b).

3.      The production of Documents and ESI also shall be subject to the provisions of orders concerning confidentiality and privilege (collectively, the "Protective Orders") as agreed to among the Parties and/or entered by the Court.

4.      A Party that issues a non-Party subpoena (the "Issuing Party") shall include a copy of this Order and a copy of the Protective Orders with such subpoena and state that the Parties in this Action have requested that non-Parties produce documents in accordance with the specifications set forth herein, including, specifically as to such non-Party

---

[1] For the avoidance of doubt, the reference to data contained on mobile phones and personal devices in this section includes only such data contained on non-corporate/personal mobile phones or devices of Defendants' employees. All other data is deemed reasonably accessible and shall be collected and preserved.

769524973.4