UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL 2948-A<br><br>Master Docket No. 24-cv-2110<br><br>Judge Rebecca R. Pallmeyer |

**JOINT STIPULATED ORDER REGARDING THE PROTOCOL FOR PRODUCING DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI")**

To facilitate the production of discovery material and consistency in the format of the documents to be produced by the Parties in this case, Plaintiffs and Defendants (collectively, the "Parties"), by and through their respective counsel hereby stipulate and agree to the terms of this Stipulated Order Regarding the Protocol for Producing Documents and Electronically Stored Information ("ESI") (the "ESI Protocol"):

**IT IS HEREBY STIPULATED**, subject to the approval of the Court, that:

1. This ESI Protocol shall govern the production of documents and ESI by the Parties in the above captioned litigation ("this Action").

2. The Parties shall make reasonable efforts to preserve documents and ESI relevant to the claims and defenses in the matter, and proportional to the needs of this Action. The Parties agree that the Parties need not preserve, search for, or produce: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) random access memory

---

**Comments:**

**Commented [SC1]:** We haven't accepted this edit. We want to meet and confer with you about this. For example, we need to know what kinds of data and/or documents this would potentially implicate.

**Commented [SH2R1]:** What exactly would you like to discuss with respect to our proposed addition? We think the language is clear as to which types of data would not be preserved, searched for, or produced.

**Commented [SC3R1]:** Counsel - Your additions here go too far. We have removed categories of data that we believe should be preserved in case they need to be searched later.

**Commented [SH4R1]:** Counsel, Sedona Principle 9 states that "[a]bsent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual electronically stored information." For the data in category (5), you asked about any data transmitted from the IAB to TikTok's servers. However, as explained, you will see that in the source code we have produced. In addition, we have already agreed to search for and produce non-privileged, responsive documents relevant to this issue. *See, e.g.*, Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production Nos. 1, 11, 12, and 13. For the data in category (6), we ca... [1]

**Commented [SC5R1]:** Counsel - We disagree with your revision and believe that this issue is ready for a decision by Pallmeyer. We don't see what the burden is in merely preserving the categories of data that we specified in our prior comment.

**Commented [SH6R1]:** As discussed, our understanding is that Plaintiffs are considering the authority we mentioned on the October 29 meet-and-confer regarding these categories of data. TikTok has continued its investigation into Plaintiffs' question ... [2]

**Commented [SC7R1]:** Counsel – The authority you sent over did not support your revisions about the categories that you redlined back into the ESI protocol. To the extent that your investigation indicates that server, system or network logs do not contain any ... [3]

**Commented [SH8R1]:** We have discussed with our client and they cannot accept the deletion of these items. In recent years, it has become standard to exclude these categories from the preservation obligation, as recognized by the sources we have ... [4]

**Commented [SC9R1]:** Counsel - We are not persuaded by your authority and you haven't made a particularized showing of burden. Our offer to resolve this with a meet and confer still stands. If TikTok maintains its current position, then we think the pa ... [5]

**Commented [SH10R1]:** As discussed on the parties' meet-and-confer, our client cannot accept Plaintiffs' edits on these issues. For the reasons explained in the parties' prior meet-and-confers and comments, this is our client's final position.

(RAM), temporary files, or other data difficult to preserve without disabling the operating system; (3~~2~~) on-line access data such as temporary internet files, history, cache, cookies, and the like; ~~and~~ (4~~3~~) data in metadata fields that are frequently updated automatically, such as last-opened dates; (5) server, system, or network logs; (6) data remaining from systems no longer in use that is unintelligible on the systems currently in use; and (7) back-up data that is entirely duplicative of data that can be collected from reasonably accessible sources located elsewhere. Also, absent a showing of good cause, the following are deemed not reasonably accessible and need not be collected or preserved: (1) data contained on mobile phones and personal devices;[1] ~~and~~ (2) voicemail messages of any kind; and (3) instant messages and/or chat data not stored on a server dedicated to this type of messaging; ~~and (3) instant messages and/or chat data not stored on a server dedicated to this type of messaging~~. The Parties will take reasonable steps to preserve all Metadata associated with documents and ESI that is automatically created ~~and extracted,~~ and available at the time of collection and processing, and there is functionality to export such metadata. The Parties agree to meet and confer in good faith in order to resolve any issues that may arise regarding the foregoing preservation obligations. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b).

---

[1] For the avoidance of doubt, the reference to data contained on mobile phones and personal devices in this section includes only such data contained on non-corporate/personal mobile phones or devices of Defendants' employees to the extent that no unique and responsive data or information exists on such non-corporate/personal mobile phones or devices. If unique and responsive data or information exists on Defendants' employees' non-corporate/personal mobile phones or devices, then the parties will meet and confer about the preservation and collection of such data. ~~If u~~Unique and relevant data or information ~~exists~~ on any of Plaintiffs' mobile phones or personal devices used to access the TikTok IAB, must be preserved and, to the extent responsive and not privileged, collected and produced ~~then the parties will meet and confer about the preservation and collection of such data~~.