TikTok Draft ESI Protocol (TT Edits) (013)  -  Read-Only

| Main document changes and comments | | |
|---|---|---|
| **Page 1: Commented [SC1]** | **Sterling Cluff** | **7/9/2024 9:43:00 AM** |

We haven't accepted this edit. We want to meet and confer with you about this. For example, we need to know what kinds of data and/or documents this would potentially implicate.

| **Page 1: Commented [SH2R1]** | **Sarah Hsu** | **7/18/2024 4:07:00 PM** |
|---|---|---|

What exactly would you like to discuss with respect to our proposed addition? We think the language is clear as to which types of data would not be preserved, searched for, or produced.

| **Page 1: Commented [SC3R1]** | **Sterling Cluff** | **9/5/2024 2:51:00 PM** |
|---|---|---|

Counsel - Your additions here go too far. We have removed categories of data that we believe should be preserved in case they need to be searched later.

| **Page 1: Commented [SH4R1]** | **Sarah Hsu** | **10/4/2024 12:32:00 PM** |
|---|---|---|

Counsel, Sedona Principle 9 states that "[a]bsent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual electronically stored information." For the data in category (5), you asked about any data transmitted from the IAB to TikTok's servers. However, as explained, you will see that in the source code we have produced. In addition, we have already agreed to search for and produce non-privileged, responsive documents relevant to this issue. *See, e.g.*, Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production Nos. 1, 11, 12, and 13. For the data in category (6), we cannot agree to preserve data that is no longer intelligible to the extent it is not reasonably accessible. For the data in category (7), it is our understanding that systems across the company may have different mechanisms for maintaining back-up data, while some do not have any. Therefore, we are looking into whether any such data may be relevant and if it is reasonably accessible.

| **Page 1: Commented [SC5R1]** | **Sterling Cluff** | **10/11/2024 2:03:00 PM** |
|---|---|---|

Counsel - We disagree with your revision and believe that this issue is ready for a decision by Pallmeyer. We don't see what the burden is in merely preserving the categories of data that we specified in our prior comment.

| **Page 1: Commented [SH6R1]** | **Sarah Hsu** | **11/4/2024 6:54:00 PM** |
|---|---|---|

As discussed, our understanding is that Plaintiffs are considering the authority we mentioned on the October 29 meet-and-confer regarding these categories of data. TikTok has continued its investigation into Plaintiffs' question regarding server, system, or network logs. We have no reason to believe that these logs would contain anything relevant.

| **Page 1: Commented [SC7R1]** | **Sterling Cluff** | **12/3/2024 10:21:00 AM** |
|---|---|---|

Counsel – The authority you sent over did not support your revisions about the categories that you redlined back into the ESI protocol. To the extent that your investigation indicates that server, system or network logs do not contain anything relevant then they would not need to be preserved pursuant to the first line of paragraph 2. But, the absence of relevant information does not justify an exception to the general obligation to preserve relevant information. The approach we recommend, which our edit reflects, is to remove the exceptions you've written in and agree to meet and confer if there are actual issues about the preservation obligations. We think that approach will allow the both parties to evaluate issues after more detailed discussions about specific information.

| **Page 1: Commented [SH8R1]** | **Sarah Hsu** | **12/18/2024 10:51:00 AM** |
|---|---|---|

We have discussed with our client and they cannot accept the deletion of these items. In recent years, it has become standard to exclude these categories from the preservation obligation, as recognized by the sources we have cited previously. *See also, e.g.*, *Metacapital Mgmt., L.P. v. Meta Platforms, Inc.*, Case No. 1:22-cv-07615-PKC (S.D.N.Y. May 31, 2023), ECF No. 49 at Section 4; *Griffith v. TikTok Inc., et al.*,

Case No. 5:23-cv-00964-SB-E (C.D. Cal. Aug. 17, 2023), ECF No. 34 at Section I.E. These types of data are almost never relevant, and it is very difficult for a company to identify, review and preserve all such data. TikTok cannot accept the meet-and-confer approach you offer because the parties need to understand at the outset what categories of data they need to preserve, lest the other side raise a spoliation argument.

| Page 1: Commented [SC9R1] | Sterling Cluff | 1/23/2025 11:29:00 AM |
|---|---|---|

Counsel - We are not persuaded by your authority and you haven't made a particularized showing of burden. Our offer to resolve this with a meet and confer still stands. If TikTok maintains its current position, then we think the parties are at an impasse and this issue can be submitted to Judge Pallmeyer.

| Page 1: Commented [SH10R1] | Sarah Hsu | 1/26/2025 11:11:00 AM |
|---|---|---|

As discussed on the parties' meet-and-confer, our client cannot accept Plaintiffs' edits on these issues. For the reasons explained in the parties' prior meet-and-confers and comments, this is our client's final position.

| Page 1: Added | Sarah Hsu | 1/26/2025 11:11:00 AM |
|---|---|---|

deleted, slack, fragmented, or other data only accessible by forensics; (2)

1.

| Page 2: Added | Sarah Hsu | 1/26/2025 11:11:00 AM |
|---|---|---|

3

1.

| Page 2: Deleted | Sarah Hsu | 1/26/2025 11:11:00 AM |
|---|---|---|

2

1.

| Page 2: Deleted | Sarah Hsu | 1/26/2025 11:11:00 AM |
|---|---|---|

 and

1.

| Page 2: Added | Sarah Hsu | 1/26/2025 11:12:00 AM |
|---|---|---|

4

1.

| Page 2: Deleted | Sarah Hsu | 1/26/2025 11:12:00 AM |
|---|---|---|

3

1.

| Page 2: Added | Sarah Hsu | 1/26/2025 11:12:00 AM |
|---|---|---|

; (5) server, system, or network logs; (6) data remaining from systems no longer in use that is