| | |
|---|---|
| **From:** | David Fernandes |
| **To:** | Shannon Capone Kirk |
| **Cc:** | Sterling Cluff; Roland Tellis; Shannon Royster; Tony Weibell; Sophie Mancall-Bitel; Emily A. Cobb |
| **Subject:** | Re: In re TikTok IAB ESI Declarations |
| **Date:** | Wednesday, May 7, 2025 7:58:27 PM |

Counsel,

We do not appreciate being given ultimatums with 24-hour turnaround demands. As with your last such demand, we responded promptly and in good faith, only to be met with more than a week of silence.

At this point, it is Defendants—not Plaintiffs—who are failing to engage in good faith. You continue to sidestep critical questions, including:

> 1. Whether Defendants are currently in compliance with the May 2024 Preservation Order with respect to potentially relevant information in the Contested Sources;
>
> 2. If so, what burden, if any, Defendants have experienced to date in preserving potentially relevant information from these sources; and
>
> 3. Whether counsel conducted a reasonable inquiry into the contents of the Contested Sources and determined, based on that inquiry, that they do not contain any potentially relevant information. For example, in your latest email you say that "TikTok is not aware of anything responsive in legacy data, nor have Plaintiffs identified anything." Defendants have not explained the basis for that representation or what, if any, investigation was conducted to support it. However, if the statement is accurate, it is unclear why we are still conferring about legacy systems.

Providing a generic declaration about what these types of sources might contain, rather than what Defendants' actual sources contain, is not helpful.

You also reference "confusion," but the only confusion appears to be Defendants' misunderstanding of their obligations. The parties' preservation duties are governed by the Court's May 2024 Preservation Order, which Defendants' own counsel negotiated. Defendants later sought to carve out four categories of sources through the ESI Protocol, raising the same burden arguments they raise now. The parties litigated that dispute and submitted competing versions of the ESI Protocol. The Court adopted Plaintiffs' version and rejected Defendants' carve outs, finding no reason to revisit the existing preservation obligations. Plaintiffs are not required to now make a showing that these sources contain potentially relevant information. The Court has already determined that they fall within the scope of the preservation order.

If you move forward with your motion, we will raise these same unanswered questions in our response and before the Court. Based on Defendants' continued refusal to answer even the most basic preservation questions, we are increasingly concerned that potentially relevant information has been destroyed.

**David B. Fernandes, Jr.**
Class Action Practice Group | Shareholder

818.839.2333 main
818.839.2326 direct

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles

San Diego | New York | Washington, D.C.

On May 6, 2025, at 2:15 PM, Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com> wrote:

Dear Counsel,

We are in receipt of your email. First, TikTok appreciates and, of course, accepts Plaintiffs' agreement to add the fourth disputed data source in Paragraph 2 to the ESI Protocol. Aside from this point, there appears to be confusion in your email, and indeed when we last spoke, as to what is required by the operative orders and ESI Protocol. The language of the May 2024 Order (Dkt. No. 53) clarifies that it is a placeholder for a preservation agreement between the parties, or a court order. As Plaintiffs acknowledge, the ESI Protocol (Dkt. No. 107) was not agreed upon or jointly stipulated, so the parties have yet to reach an agreement on the preservation obligations for the remaining data at issue. TikTok seeks to reach that agreement with Plaintiffs so that the party agreement contemplated by the May 2024 Order is clearly in place. That agreement would include that the three remaining disputed data sources should be excluded from the scope of preservation because the burden required to preserve or even attempt to access much of the information associated with these sources, when balanced against the absence of *any* articulated value of this discovery by Plaintiffs, is clearly disproportionate as contemplated by Fed. R. Civ. P. 26.

TikTok must remind Plaintiffs again, as we stated when we last spoke, that they have not made *any* showing that the data contained in these disputed data sources is in any way likely to lead to even a shred of anything even remotely relevant. In fact, you continue to refuse to do so, in direct contravention of Rule 26 and the implicit requirement of good faith in the May 2024 Order. Again, we are likewise, as we've stated, unable to identify anything that could be relevant. Plaintiffs, as the requesting party, must identify why any of this data would be potentially relevant to the issues in the case. The Federal Rules simply do not support unguided and disproportionately burdensome fishing expeditions.

We believe that our position has been made clear and that Plaintiffs appear unwilling to directly engage with TikTok in a productive, common-sense manner. Instead, Plaintiffs shift focus from what began as a clear and narrow discussion in an attempt to expand the dispute, obtain impermissible discovery-on-discovery and receive guarantees to which Plaintiffs are not entitled. This strikes TikTok as particularly unhelpful after TikTok invested significant time and cost to prepare not one but two declarations in response to Plaintiffs' indication that a declaration would be helpful to substantiate burden and further explain these issues. *See* Feb. 19, 2025, Hearing Tr. at 23:3-5 ("I think it would be helpful for TikTok, … to provide some sort of declaration, explaining this stuff."). The questions in your most recent email may seem reasonable

as to accessible sources of potentially responsive information, including custodial information and online systems, when such sources are likely to contain responsive information. However, your questions are unreasonable and misplaced when posed about sources of information, such as those in dispute, which, as supported in detail in the Redgrave declaration, are not, nor are they intended to hold, reviewable content nor source code for this litigation. Rather, with respect to computer forensic artifacts and network logs, they do not hold content or source code at all, but rather vast and complex recordings of computer and network activity, or fragments of data, none of which is called for as responsive to this litigation. As such, there is no need to continue debating whether TikTok need take extraordinary steps to preserve this burdensome data, as there is nothing that could be defined as potentially relevant. As for legacy data, TikTok is not aware of anything responsive in legacy data, nor have Plaintiffs identified anything.

Finally, during our most recent meet and confer, Plaintiffs did indeed express acceptance of TTI's definition of the disputed data sources set forth in the Redgrave declaration, something I made a point to recognize on our call. As these definitions are widely accepted among practitioners in this field (*see* Redgrave Decl.), TikTok sees no reason to further dispute this point.

Please advise if you are willing to join us in our motion to modify the as-entered ESI protocol as it pertains to all four disputed data sources, as we previously requested, no later than close of business tomorrow, Wednesday, May 7. If not, we will file our motion.

Thank you,

Shannon

**Shannon Capone Kirk**
Managing Principal and Global Head, Advanced E-Discovery and A.I. Strategy Group
**ROPES & GRAY LLP**
T +1 617 951 7218 | M +1 617 840 4578
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Shannon.Kirk@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

***2024 Chambers USA - Global and Nationwide***
Ranked Band 1 for E-Discovery & Information Governance

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** David Fernandes <dfernandes@baronbudd.com>
**Sent:** Monday, April 28, 2025 6:49 PM
**To:** Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Sterling Cluff <scluff@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Shannon Royster <sroyster@baronbudd.com>
**Cc:** Weibell, Tony <AWeibell@mayerbrown.com>; Mancall-Bitel, Sophie <SMancall-Bitel@mayerbrown.com>; Cobb, Emily A. <Emily.Cobb@ropesgray.com>
**Subject:** RE: In re TikTok IAB ESI Declarations

Counsel:

First, we remain willing to meet and confer in good faith on TikTok's current preservation requirements. However, it remains unclear what protection TikTok intends to seek through its motion for a protective order. Please clarify whether TikTok seeks protection from the ESI Protocol, the May 2024 Preservation Order, or both. If TikTok seeks protection from the May 2024 Preservation Order, Judge Pallmeyer has already declined to revisit that order, ruling that "the burden may greatly exceed the benefit, but that was an agreement that was hammered out by very competent lawyers months ago." Hearing Tr. 29:10-18, Feb. 19, 2025. Please also explain the basis—if other than burden—on which protection is sought.

Second, your email still does not answer the two straightforward questions raised in my April 21 letter and during our April 23 meeting:

- Is TikTok currently in compliance with the May 2024 Preservation Order with respect to potentially relevant information in the Contested Sources?

- If so, what burden has TikTok experienced to date to preserve potentially relevant information from these sources?

TikTok's response to these questions is critical to evaluating the settled preservation issues it continues to raise. Needless to say, your refusal to answer either of these questions raises serious concerns on our part.

Third, please confirm whether TikTok's counsel conducted a reasonable inquiry into the contents of the Contested Sources and determined, based on that inquiry, that they do not contain any potentially relevant information. To date, neither you nor your colleagues have provided that confirmation. Nevertheless, in your April 25 email, you state that, "in the parties' Joint Statement re ESI Protocol Dispute, TikTok already represented, as I reiterated in our call, that three of these four data sources are unlikely to hold any relevant information." But simply suggesting that it is "unlikely" or that you have "no reason to believe" relevant information exists does not satisfy your discovery obligations. Counsel must conduct a reasonable inquiry by taking "an active and affirmative role to investigate . . . information technology structure by asking difficult, thorough questions to identify . . . locations of potentially relevant ESI." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 963 (N.D. Ill. 2021). Counsel must also develop "a reasonable understanding of [a] client's information systems" sufficient to "allow [you] to create a process and plan for responding to discovery requests" which "includes monitoring of the identification, preservation, collection, and production of ESI." *Id*. at 964.

Fourth, Plaintiffs are not required to identify the content of specific information in the Contested Sources. The authority you cite relates to discovery, not preservation. Your attempt to obfuscate the standard is telling and ignores the preservation obligations your

clients agreed to.

Finally, your email incorrectly states that, "[I] agree[d] with the definitions of the four disputed data sources as set forth in TikTok's proferred Declarations" during our April 23 meeting. We only agreed on two points: (1) the parties could likely agree to add the fourth Contested Source ("Backup Data That is Entirely Duplicative of Data That Can Be Collected from Reasonably Accessible Sources Located Elsewhere") to paragraph 2 of the ESI Protocol; and (2) Plaintiffs would not oppose the Court amending the docket entry for the ESI Protocol (Dkt. 107) to remove the word "stipulated." I can confirm that Plaintiffs are willing to add the fourth Contested Source to paragraph 2 of the ESI Protocol.

If TikTok is committed to meeting and conferring in good faith on the Contested Sources, it must answer Plaintiffs' questions.

**David B. Fernandes, Jr.**
Class Action Practice Group | Shareholder

818.839.2333 main
818.839.2326 direct

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

---

**From:** Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>
**Sent:** Friday, April 25, 2025 1:26 PM
**To:** David Fernandes <dfernandes@baronbudd.com>; Sterling Cluff <scluff@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Shannon Royster <sroyster@baronbudd.com>
**Cc:** Weibell, Tony <AWeibell@mayerbrown.com>; Mancall-Bitel, Sophie <SMancall-Bitel@mayerbrown.com>; Cobb, Emily A. <Emily.Cobb@ropesgray.com>
**Subject:** RE: In re TikTok IAB ESI Declarations

Dear Counsel,

Thank you for the meet and confer on Wednesday, April 23rd, in which we discussed TikTok's proffer of Declarations related to the four disputed data sources (which were stricken from the as-entered ESI Protocol). You mentioned that TikTok has never affirmatively stated that there is no potentially relevant information in those sources. But if you recall, in the parties' Joint Statement re ESI Protocol Dispute, TikTok already represented, as I reiterated in our call, that three of these four data sources are unlikley to hold any relevant information. With respect to the fourth, "entirely duplicative" back-up data, there is no need to preserve duplicative, inaccessible data that is otherwise available in accessible sources. To the extent you have asked for more assurances in writing, you already have the Joint Statement, my representations, the extensive Declarations that you requested and we provided, and existing case law and industry practice (as detailed in the Redgrave Declaration). You have requested, and TikTok has provided, more and more information for nearly a year. Requesting still more information both moves the target and invites unnecessary delay. Delay is a

conclusion that is hard to escape in light of your refusal to answer one simple question: what specific information do Plaintiffs seek in these four disputed data sources? As you know, Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment provides, "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes"; "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." (emphasis added). *Small v. Amgen*, No. 12-476, 2016 WL 7228863 at *10 (M.D. Fla. Sept. 28, 2016) ("[A]s explained by the advisory committee, to the extent possible, Plaintiffs are in the best position to explain the importance of the requested discovery in resolving the issues," and finding that "Plaintiffs have not done so persuasively." Unfortunately, time is of the essence on this issue to protect the company from an unsustainable -- and unjustifiable -- preservation burden. Additionally, and as you agree, the as-entered ESI Protocol is incorrectly captioned "Stipulated." TikTok has a right to correct this inaccurate record. You agree with the definitions of the four disputed data sources as set forth in TikTok's proferred Declarations. Yet, you continue to demand more information and refuse to identify the basis for your requests. As a result, TikTok has no choice and must file the Motion for Protective Order that we discussed as soon as possible. Nevertheless, we urge you to instead join us in a motion to modify the as-entered ESI Protocol to return the disputed data sources to paragraph 2, and make the as-entered Stipulated ESI Protocol accurate, which it currently is not. Please advise us of Plaintiffs' position no later than close of business Monday, April 28th. Otherwise, we will file our motion.

Thank you,

Shannon

**Shannon Capone Kirk**
Managing Principal and Global Head, Advanced E-Discovery and A.I. Strategy Group
**ROPES & GRAY LLP**
T +1 617 951 7218 | M +1 617 840 4578
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Shannon.Kirk@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

_____

**2024 *Chambers USA - Global and Nationwide***
Ranked Band 1 for E-Discovery & Information Governance

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** David Fernandes <dfernandes@baronbudd.com>

**Sent:** Tuesday, April 22, 2025 7:31 PM
**To:** Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Sterling Cluff <scluff@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Shannon Royster <sroyster@baronbudd.com>
**Cc:** Weibell, Tony <AWeibell@mayerbrown.com>; Mancall-Bitel, Sophie <SMancall-Bitel@mayerbrown.com>; Cobb, Emily A. <Emily.Cobb@ropesgray.com>
**Subject:** RE: In re TikTok IAB ESI Declarations

We can add the Declarations to tomorrow's agenda, but we still have a hard stop at 2:30 p.m. PT. We're also available to discuss the Declarations on Friday.

**David B. Fernandes, Jr.**
Class Action Practice Group | Shareholder

818.839.2333 main
818.839.2326 direct

www.baronandbudd.com

Dallas | Baton Rouge | New Orleans | Los Angeles
San Diego | New York | Washington, D.C.

---

**From:** Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>
**Sent:** Tuesday, April 22, 2025 12:36 PM
**To:** Sterling Cluff <scluff@baronbudd.com>; David Fernandes <dfernandes@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Shannon Royster <sroyster@baronbudd.com>
**Cc:** Weibell, Tony <AWeibell@mayerbrown.com>; Mancall-Bitel, Sophie <SMancall-Bitel@mayerbrown.com>; Cobb, Emily A. <Emily.Cobb@ropesgray.com>
**Subject:** RE: In re TikTok IAB ESI Declarations

Sterling and David, the other option is we could discuss the Declarations at the top of your already scheduled call with Sophie tomorrow at 1:30 PST (4:30 EST). Would that work on your end? Thanks, Shannon

**Shannon Capone Kirk**
Managing Principal and Global Head, Advanced E-Discovery and A.I. Strategy Group
**ROPES & GRAY LLP**
T +1 617 951 7218 | M +1 617 840 4578
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Shannon.Kirk@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

---

***2024 Chambers USA - Global and Nationwide***
Ranked Band 1 for E-Discovery & Information Governance

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Kirk, Shannon Capone
**Sent:** Tuesday, April 22, 2025 1:59 PM
**To:** 'Sterling Cluff' <scluff@baronbudd.com>; David Fernandes <dfernandes@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Shannon Royster <sroyster@baronbudd.com>
**Cc:** Weibell, Tony <AWeibell@mayerbrown.com>; Mancall-Bitel, Sophie <SMancall-Bitel@mayerbrown.com>; Cobb, Emily A. <Emily.Cobb@ropesgray.com>
**Subject:** RE: In re TikTok IAB ESI Declarations

Sterling and David,

Thank you for your letter. Do you have time to discuss tomorrow between either 12-2 (eastern; 9-11 PST) or 2:30-3:30 eastern (11:30-12:30 PST)?

Thanks,

Shannon

**From:** Sterling Cluff <scluff@baronbudd.com>
**Sent:** Monday, April 21, 2025 8:43 PM
**To:** Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; David Fernandes <dfernandes@baronbudd.com>; Roland Tellis <rtellis@baronbudd.com>; Shannon Royster <sroyster@baronbudd.com>
**Cc:** Weibell, Tony <AWeibell@mayerbrown.com>; Mancall-Bitel, Sophie <SMancall-Bitel@mayerbrown.com>; Cobb, Emily A. <Emily.Cobb@ropesgray.com>
**Subject:** RE: In re TikTok IAB ESI Declarations

Counsel:

Please see attached correspondence sent on behalf of David Fernandes.

Thank you,

Sterling

**From:** Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>
**Sent:** Monday, March 31, 2025 4:09 PM
**To:** David Fernandes <dfernandes@baronbudd.com>; Sterling Cluff <scluff@baronbudd.com>
**Cc:** Weibell, Tony <AWeibell@mayerbrown.com>; Mancall-Bitel, Sophie <SMancall-Bitel@mayerbrown.com>; Cobb, Emily A. <Emily.Cobb@ropesgray.com>
**Subject:** In re TikTok IAB ESI Declarations

David, Sterling, and Shannon (I did not have Shannon's email address, so I ask

you to forward to her, please),

Thank you for speaking with us this evening. As I mentioned, pursuant to paragraph 6(k)(6) of the ESI Protocol, the parties can agree to modify the ESI Protocol at any time, which allows us to freely agree on amendments amongst ourselves.

Our preference is to resolve this between the parties, this week, and enter an Amended Joint Stipulated ESI Protocol under paragraph 6(k)(6), clarifying that the 4 data sources we discussed from paragraph 2 (and were redlined in your Feb 19 submission to the court) do not require preservation. That will also allow us to correct the record to reflect that, assuming we agree to it, the Amended Protocol would indeed be a stipulated one. As entered, and as we discussed, the Protocol is currently not, in fact, stipulated.

I have attached the declarations you requested at the February hearing. They are from Jonathan Redgrave (E-Discovery & Information Law Partner, Redgrave LLP) and Warren Solow (eDiscovery Lead, ByteDance) regarding the data sources relevant to our ongoing discussions of paragraph 2.

Once you have a chance to review the declarations, please let us know if you'd like to discuss on another call.

Best,

Shannon

**Shannon Capone Kirk**
Managing Principal and Global Head, Advanced E-Discovery and A.I. Strategy Group
**ROPES & GRAY LLP**
T +1 617 951 7218 | M +1 617 840 4578
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Shannon.Kirk@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

_____

**2024** *Chambers USA - Global and Nationwide*
Ranked Band 1 for E-Discovery & Information Governance

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.