

DALLAS | BATON ROUGE | NEW ORLEANS | LOS ANGELES
SAN DIEGO | NEW YORK | WASHINGTON, D.C.

Encino Plaza
15910 Ventura Blvd.
Suite 1600
Encino, CA 91436
800.887.6989
tel 818.839.2333
fax 214.279.9915

Home Office:
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219-4281
800.222.2766
tel 214.521.3605
fax 214.279.9915

April 21, 2025

Anthony J Weibell
Sophie Mancall-Bitel
Mayer Brown LLP
aweibell@mayerbrown.com
smancall-bitel@mayerbrown.com

Shannon Capone Kirk
Emily A. Cobb
Ropes & Gray LLP
Shannon.Kirk@ropesgray.com
Emily.Cobb@ropesgray.com

Re: *In re: TikTok Inc. In App Browser Privacy Litig.*, MDL No. 2948-A

Dear Counsel:

We reviewed the Redgrave and Solow Declarations regarding preservation of information in the Contested Sources.[1] As discussed during our April 18 call and further explained below, the Declarations do not resolve our questions concerning the burden of preserving potentially relevant information.

As a threshold matter, Judge Pallmeyer made clear that the Preservation Order applies only to potentially relevant information and, therefore, it is expected that the Contested Sources contain such information. As such, we request that the Solow Declaration affirm that Defendants are currently in compliance with the Preservation Order as to potentially relevant information in the Contested Sources and, if so, describe the burden Defendants have experienced to date to achieve such compliance.

Additionally, we note that the Solow Declaration provides only a high-level overview of the potential burden of preserving *all* data in the Contested Sources, without identifying what portion of the data is potentially relevant. See, e.g., Solow Dec. ¶¶ 8-9 (discussing the data that may exist "for approximately 190,000 systems and applications, along with an estimated 220,000 devices"), ¶ 11 (discussing "approximately 160,000 internal application and network systems, each of which could generate various logs"), ¶ 14 (explaining that "TTI has approximately 30,000 legacy systems"), ¶ 18 (describing "TTI's backup environment, which backs up approximately 100 petabytes daily"). It also purports to confuse the burden of "discovery" with the burden of preservation. See, e.g., Solow Dec. ¶ 8 (addressing the "[d]iscovery of this data . .

---

[1] For purposes of this letter the Contested Sources include: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) server, system, or network logs; (3) data remaining from systems no longer in use that is unintelligible on the systems currently in use; and (4) back-up data that is entirely duplicative of data that can be collected from reasonably accessible sources located elsewhere.



."), ¶ 16 (describing the cost of "legacy restoration projects" for "each of TTI's 30,000 legacy systems"). In this regard, Judge Pallmeyer already considered and rejected Defendants' burden arguments, expressly holding that "the burden may greatly exceed the benefit, but that was an agreement that was hammered out by very competent lawyers months ago." Hearing Tr. 29:15-17, Feb. 19, 2025; *see also id.* at 25:5-8 ("I think the submissions that I've seen suggest that the Defendants have made at least a significant argument about what is and is not burdensome and what is and what is not, you know, necessary for the litigation.").

Finally, the Redgrave Declaration does not materially advance the parties' discussion at all. It reads more like a legal brief, rather than a declaration, and simply rehashes, in greater detail, unsuccessful arguments TikTok has previously made regarding the Contested Sources.

In the spirit of compromise, we remain open to evaluating any competent evidence of burden. But offering unfounded opinions or recycling legal arguments is counterproductive. We are available to discuss our concerns by phone. Please let us know your availability if you would like to schedule a call.

Regards,

*/s/ David Fernandes*

David Fernandes