UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 2948-A<br><br>Master Docket No. 24 C 2110<br><br>Judge Rebecca R. Pallmeyer |

**JOINT STATUS REPORT**

Plaintiffs Austin Recht, Sean Guzman, Michael Walsh, Steve Berrios, Christi Stowers, Anibeth Bravo, Katie Murphy, Jessica Gann, Delaney Arnold, and Bradley Fugok ("Plaintiffs") and Defendants TikTok Inc. ("TTI"), ByteDance Inc., and ByteDance Ltd. ("Defendants") (collectively, the "Parties") jointly submit this Joint Status Report pursuant to the Court's February 19 Minute Order.

**I.    30(b)(6) Source Code Deposition**

Plaintiffs took a 30(b)(6) source code deposition of TikTok, Inc. ("TikTok") through its designated witness, Mr. Jianpeng Mo, on May 6. The deposition lasted approximately six hours.

On May 12, the Parties met and conferred regarding Plaintiffs' request for additional deposition time. The Parties agreed to meet and confer again after Plaintiffs have reviewed the final transcript and identified any questions within the scope of the deposition topics on which they assert the witness was not sufficiently prepared. If warranted, the Parties will then explore other mechanisms for obtaining the evidence sought from TTI regarding the relevant source code. Plaintiffs reserve the right to seek an additional deposition on the noticed topics and, if necessary, Court intervention. Defendants do not agree that Plaintiffs have the right to seek another deposition on the noticed topics.

1

## II. Written Discovery

### A. Plaintiffs' Position

#### i. Discovery Served on Defendants Since the February 13 Status Report

On February 21, Plaintiffs served TikTok with 32 additional Requests for Production ("Second RFPs"), 5 Interrogatories ("First ROGs"), and 110 Requests for Admission ("First RFAs"). Plaintiffs also served ByteDance Inc. and ByteDance Ltd. with 17 Requests for Production each ("ByteDance RFPs"). Defendants served objections and responses to the Second RFPs, First ROGs, First RFAs, and ByteDance RFPs on March 24.

Following service of those responses, the Parties began meeting and conferring regarding TikTok's objections and responses to Plaintiffs' discovery in anticipation of the 30(b)(6) source code deposition. Those discussions are ongoing.

Plaintiffs remain committed to engaging in the meet and confer process in good faith. However, depending on the outcome of the Parties' ongoing discussions, Court intervention may be necessary to resolve narrowed disputes concerning these requests.

#### ii. Discovery Served on Plaintiffs

On March 26, Plaintiffs served objections and responses to Defendants' January 24 Requests for Production and Interrogatories, with one exception.[1] On May 8, the Parties met and conferred regarding Plaintiffs' responses and were able to narrow the issues in dispute, subject to further discussion with their respective clients.

---

[1] Plaintiff Gann did not serve responses to TikTok's interrogatories, and counsel's efforts to reach her have been unsuccessful. Plaintiffs and TikTok met and conferred on this issue, during which Plaintiffs advised that they are evaluating the appropriate method for her dismissal. The Parties agreed to revisit the issue in the coming weeks.

B. **Defendants' Position**

i. **Discovery Served on Defendants Since the February 13 Status Report**

On March 24, Defendants served Responses and Objections to Plaintiffs' Second RFPs, First ROGs, First RFAs, and ByteDance RFPs. Plaintiffs requested a meet and confer about TTI's Responses and Objections regarding the First ROGs that included discussion of issues common to Defendants' responses to all discovery. In connection with that meet-and-confer process, TTI served Supplemental Responses and Objections on May 2, providing additional information in response to three of the five ROGs. Defendants believe it is premature to discuss the possibility of Court intervention.

ii. **Discovery Served on Plaintiffs**

Defendants served their First Set of Requests for Production and First Set of Interrogatories on Plaintiffs on January 24. Plaintiffs requested, and Defendants granted, a 30-day extension to respond to those requests. The Parties met and conferred about Plaintiffs' Responses and Objections on May 8, and that meet-and-confer process is ongoing.

III. **Search Term Negotiations**

The Parties continue to meet and confer regarding TikTok's proposed English and Mandarin search terms. Numerous disputes exist on this issue and Plaintiffs expect to seek Court intervention if the disputes are not resolved promptly.

IV. **Document Production**

A. **Plaintiffs' Position**

Plaintiffs are concerned about the delay in TikTok's document production. Since the February 19 status conference, TikTok has made only a single production of 61 "go get" documents. Many of those documents had previously been withheld as privileged but were later

produced after being determined not to be privileged. TikTok has yet to produce a single custodial document in response to Plaintiffs' document requests served in June 2024.

Plaintiffs have serious doubts that TikTok will complete its document review and production in time to allow Plaintiffs a meaningful opportunity to review before the September 17 class certification and expert disclosure deadlines.

Plaintiffs have not yet begun producing documents in response to Defendants' January 24 document requests due to the Parties' ongoing meet and confer efforts. Plaintiffs' search for responsive documents is underway, and they are preparing a collection and search proposal tailored to the scope of the pending claims and the issues raised in Defendants' requests.

B.  **Defendants' Position**

**TTI's Document Productions.** Since the last status conference, TTI has prioritized discovery related to the source code, which the Court instructed "ought to be the central focus for now," *see* Feb. 19, 2025, Hearing Tr. at 16:20-22. TikTok has responded to five interrogatories and 110 requests for admission, largely about the code, and prepared and produced a 30(b)(6) witness on the issue. It has also invited Plaintiffs' expert to review the source code again should that be helpful.

Plaintiffs claim to have "serious doubts" that TTI will be able to complete its production of all custodial documents in advance of the September 17 deadline for Plaintiffs' motion for class certification. But the schedule to which Plaintiffs agreed does not require TTI to do so. The close of fact discovery is not until March 13, 2026. *See* Dkt. 96. TTI produced additional documents prior to the 30(b)(6) deposition and is preparing to produce more documents— including custodial documents—in the coming weeks. Plaintiffs have not identified any specific documents they believe necessary for their class certification motion.

**Plaintiffs' Document Productions.** Unlike TTI's custodial productions, the documents Defendants seek from Plaintiffs—requested in January—are directly relevant to class certification, and particularly to Plaintiffs' typicality and adequacy as putative class representatives. Even so, Plaintiffs have not yet identified any documents they are willing to produce. While hopeful that the Parties will soon reach agreement about the documents Plaintiffs will produce and a timeline for that production, Defendants reserve their right to seek Court intervention on this issue, particularly in light of the need to depose the putative class representatives ahead of the class certification deadline.

V.  **Defendants' ESI Preservation Dispute**

On May 9, Defendants requested leave of Court to move for a protective order "related to the ESI Protocol and preservation of certain sources of information." The Court granted Defendants' request. Defendants filed their motion on May 13. Plaintiffs will file their opposition on May 27, and Defendants will file their reply on June 3.

VI.  **Defendants' Motion for Summary Judgment**

A.  **Defendants' Position**

Early in this litigation, the Court identified the "critical question that Plaintiffs will ultimately need to confront—whether the TikTok App not only had the ability to record users' keystrokes [] on the in-app browser, but actually did collect and contemporaneously transmit this data to the company's servers." *See* Mem. Op. and Order, Dkt. 77, at 21. At the prior status conference, the Court stated that it was "pleased to see" Defendants' proposal for an early summary judgment motion on this key issue. *See* Feb. 19, 2025, Hearing Tr. at 29:19-21.

To facilitate that motion, Defendants have produced all of the relevant source code necessary for understanding that issue, along with additional related materials. They have also

5

responded to interrogatories and requests for admission on the topic and spent several weeks preparing a Rule 30(b)(6) witness to explain the relevant code live during the May 6 deposition using a secure source code laptop. Plaintiffs do not need the discovery they identify below to oppose Defendants' proposed motion, but if they wish to seek additional discovery, they should do so pursuant to Rule 56(d) after Defendants file their motion.

Defendants now propose the following schedule for their proposed early summary judgment motion. This schedule would allow the Court to hear argument on the motion before Plaintiffs' motion for class certification is due.

| Event | Date |
| --- | --- |
| Parties' opening summary judgment expert reports due | June 13, 2025 |
| Parties' rebuttal summary judgment expert reports due | June 27, 2025 |
| Defendants' motion for summary judgment due | July 7, 2025 |
| Plaintiffs' opposition to Defendants' motion for summary judgment due | August 4, 2025 |
| Defendants' reply in support of motion for summary judgment due | August 18, 2025 |

B.   **Plaintiffs' Position**

On December 17, 2024, the Parties *stipulated* to a modified case schedule which the Court entered on December 23, 2024 (Dkt. 95 & 96). That schedule requires Plaintiffs to file a motion for class certification on September 17, 2025, and requires the Parties to file motions for summary judgement on October 2, 2026. *Id.* In reliance on the Court's Scheduling Order, Plaintiffs have been focused on meeting these filing dates. Now, for the first time, Defendants propose a modification to that schedule, in a status report, which Plaintiffs' experts could not possibly meet. Importantly, Defendants should be required to file a noticed motion to alter the Court's scheduling order which would allow Plaintiffs the opportunity to provide the Court with

6

a fulsome record of the open discovery disputes regarding Defendants' source code. Indeed, the Court's comments regarding the Defendants' proposal for an early summary judgment motion, which Defendants cite above, were made without the benefit of the full discovery record. Needless to say, any motion for summary judgement filed before the resolution of the open source code discovery disputes would be premature and improper under Federal Rule 56(d).

To date, Plaintiffs' inspection of TikTok's source code has been akin to searching for a paragraph of a chapter in a vast library of books without a librarian or a library catalog. The recent Rule 30(b)(6) deposition taken by Plaintiffs made clear that Plaintiffs will need to take an additional deposition of Defendants' software engineers who helped "prepare" the otherwise uninformed deponent on TikTok's source code. And, now that Plaintiffs have obtained testimony and documents regarding the organization of TikTok's source code repositories, Plaintiffs' experts will need to conduct additional inspections of the source code TikTok has made available, as well as source code which TikTok has not, to date, made available for inspection, including "native" source code for Android and iOS devices which contain the "logic" for the JavaScript code TikTok injected into third-party websites, including source code concerning the collection and transmission of data from third-party websites to TikTok's servers. As such, Defendants' new "proposed schedule" is procedurally improper, substantively unreasonable, and prejudicial to Plaintiffs.

**VII.** **Settlement Discussions**

The Parties anticipate mediating again in the coming months.

Dated: May 29, 2025                             Respectfully submitted,

                                                                 */s/ Roland Tellis*
Roland Tellis
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
(818) 839-2333
rtellis@baronbudd.com

*Chair, Plaintiffs' Steering Committee*

*/s/ Anthony J Weibell*
Anthony J Weibell
**MAYER BROWN LLP**
Two Palo Alto Square, Suite 300 Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com

*Lead Counsel for All Defendants*