**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION<br><br>This Document Relates to: ALL ACTIONS | MDL 2948-A<br><br>Master Docket No. 24-cv-2110<br><br>Judge Rebecca R. Pallmeyer |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**

Defendants TikTok Inc., ByteDance Inc., and ByteDance Ltd. ("Defendants") respectfully submit this reply in further support of their motion for protective order (Dkt. 112).

## INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion for Protective Order treats the data sources at issue as if they contained the type of accessible data that typically falls within the everyday scope of preservation obligations. Plaintiffs are wrong. These sources are almost never preserved. And for good reasons: they contain information meaningful to computer operating systems; rarely contain relevant data; are too voluminous to proportionately parse or sample; and/or are regularly written and rewritten by computer operating systems. Clearly, there is no good faith basis to oppose Defendants' motion, yet Plaintiffs seek to turn this into a wasteful sideshow of discovery-on-discovery, *see* Dkt. 115 ("Opp. Br."), to distract the Court from the only two straightforward questions before it: (i) whether to correct the record to show that the ESI protocol entered on February 24, 2025, Dkt. 107 (the "As-Entered ESI Protocol") was not jointly stipulated, contrary to what is currently reflected; and (ii) whether to modify the As-Entered ESI Protocol as requested in the Motion to relieve Defendants from unreasonable burden and expense. For the reasons set forth in Defendants' Memorandum in Support of Defendants' Motion for Protective Order, Dkt. 113 ("Def. Br.") and this Reply, the answer to both questions is resoundingly yes.

## ARGUMENT

**I.  Defendants Permissibly Seek a Protective Order to Correct the Record and Shield Themselves from Burdensome and Unreasonable Preservation Requirements.**

Plaintiffs assert that this Court previously decided the questions before it such that Defendants' motion should be treated as one for reconsideration. Not so. *First*, the Court has not ruled on correcting the record to reflect that the As-Entered ESI Protocol was not, in fact, "jointly

1

stipulated."[1] *Second*, the Court has not ruled on whether the Disputed Data Sources should be excluded from the Parties' preservation obligations under Paragraph 2 of the As-Entered ESI Protocol ("Paragraph 2").[2] As of the February 19, 2025 hearing, both Plaintiffs *and* the Court recognized Paragraph 2 was still disputed and subject to future modification: Plaintiffs suggested carving Paragraph 2 out of the ESI Protocol while the Parties resolved the dispute, and the Court was aware that Defendants would be preparing declarations to resolve the issue. *See* Feb. 19, 2025, Hearing Tr. ("Hearing Tr.") 23:18–20 ("I think it would be helpful if we carved this out of the ESI protocol, lump this dispute with maybe an amended preservation order, and let's get some evidence from TikTok"); *id.* at 25:10–12 (The Court recognizing it "understand[s] the proposal [to obtain declarations], but let's just go ahead with an ESI protocol and get started anyway").

Following the hearing, Plaintiffs filed the Parties' competing versions of the ESI Protocol, including redlines indicating the dispute over Paragraph 2. *See* Hearing Tr. at 31:13–15; Dkt. 104. On February 24, 2025, the Court entered the As-Entered ESI Protocol, with language allowing "modification" if a "good faith" effort does not resolve the issue. *See* Dkt. 107 at ¶ O.2.

## II. The May 2024 PO No Longer Defines the Scope of Preservation, and, In Any Event, It Did Not Require Preservation of the Disputed Data Sources.

Plaintiffs attempt to recast this as a dispute over compliance with the May 24, 2024, Stipulation and Order re: Preservation of Evidence (the "May 2024 PO"), Dkt. 53, and whether the May 2024 PO required preservation of the Disputed Data Sources. *See* Opp. Br. at 4. It is not.

---

[1] Indeed, contrary to Plaintiffs' argument that a protective order or modification is unneeded, Defendants are already experiencing prejudice from the current protocol, as Parties in other litigation seek to impose similar burdens on Defendants by mistakenly arguing that Defendants have "stipulated" to the very provisions they disputed at the February 19, 2025 hearing. Correction of the record is therefore critical.

[2] The Disputed Data Sources are (i) "deleted, slack, fragmented, or other data only accessible by forensics"; (ii) "server, system, or network logs"; and (iii) "data remaining from systems no longer in use that is unintelligible on the systems currently in use." *See* Dkt. 98, at 1 n.4.

The May 2024 PO was a mere *placeholder* to take "reasonable steps" to preserve evidence "potentially relevant to the subject matter of this litigation" only "[u]ntil the Parties reach an agreement on a preservation plan or the Court orders otherwise." *See* Dkt. 53 at 2. Plaintiffs ignore that Paragraph 2 was intended to be that very plan, even though this is clear both in the plain language of Paragraph 2 and discussions related to it. Plaintiffs are also incorrect that "complying with" the May 2024 PO required "preserva[tion of] potentially relevant information in the Disputed Data Sources." *See* Opp. Br. at 4. The May 2024 PO references *just one* of the Disputed Data Sources and, even then, only *in part* ("computer and network activity logs"). Dkt. 53 at 2. The May 2024 PO *does not even mention* the other sources. *Id.*

### III. Defendants Have Satisfied Their Burden. Plaintiffs Have Not Satisfied Theirs.

Plaintiffs' remaining arguments boil down to an accusation that Defendants have insufficiently demonstrated burden. But Plaintiffs' position contains a fundamental flaw: it conflates the duty to use reasonable and proportionate efforts with a boil-the-ocean type inquiry into sources that courts have long recognized are unlikely to contain responsive information. Moreover, *Plaintiffs*—not Defendants—bear the burden of demonstrating a good-faith basis to justify the disproportionate costs associated with preserving such sources.

Defendants are required to take proportionate and "reasonable steps to preserve" potentially relevant evidence *provided it is not unduly burdensome to do so*. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 929 (N.D. Ill. 2021) ("a party need not preserve all documents in its possession—again, perfection is not the standard" but "must preserve what it knows and reasonably ought to know is relevant to possible litigation").[3] Counsel then

---

[3] Plaintiffs erroneously attempt to divorce preservation duties from general discovery obligations to argue that those duties need not be grounded in proportionality. *See* Opp. Br at 8–9. But it is axiomatic that reasonableness and proportionality govern the duty to preserve as well. *See, e.g.,* Seventh Circuit Electronic Discovery Pilot Program, Principle 2.04(a) (parties "are responsible for taking reasonable and proportionate

3

confirms that work with a "reasonable inquiry," in connection with Rule 26(g). *Id*. at 952 (counsel must certify they have "made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive . . ."). Defendants have done just that, including by preparing declarations assessing scope and burden associated with preserving the Disputed Data Sources and by engaging in many meet and confers with Plaintiffs over more than a year.[4] To require more would be a bridge too far, particularly since each Disputed Data Source would be prohibitively costly to access and/or preserve for discovery. Indeed, where further substantiation of the burden of discovery "would itself be burdensome," courts have denied requests for such.[5]

Moreover, as Defendants have demonstrated, each Disputed Data Source is precisely the type of inaccessible source for which courts and industry standards recognize preservation is unwarranted "[a]bsent a showing of special need and relevance" by the requesting party.[6] In the

---

steps to preserve discoverable ESI"); Fed. R. Civ. P. 37 advisory committee note to 2015 amendment (noting that a "factor in evaluating the reasonableness of preservation efforts is proportionality").

[4] Plaintiffs' attacks on the declarations are unavailing. The Solow Declaration demonstrates that the cost and burden of preserving or further parsing the Disputed Data Sources is wholly disproportionate to the needs of this case, particularly where Plaintiffs have made no showing of the data's potential relevance. Plaintiffs' argument that the Redgrave Declaration must be excluded as a legal opinion is similarly misguided. Plaintiffs rely on case law that concerns provision of expert *testimony* as *trial evidence* under the Federal Rules of Evidence, which is inapposite in the context of a pre-trial discovery dispute of this nature. Furthermore, expert declarations on industry standard practices and application of governing case law in the e-discovery space are permissible in this context. *See, e.g.*, Sedona Principles, Third Edition, Comment 3.g (encouraging provision of affidavits or testimony by those with technical expertise).

[5] *See Small v. Amgen, Inc*., No. 212CV476FTM29MRM, 2016 WL 7228863, at *10 (M.D. Fla. Sept. 28, 2016); *Barnes-Staples v. Murphy*, No. 20CV3627, 2021 WL 1426875, at *5–6, 10 (N.D. Ill. Apr. 15, 2021).

[6] Sedona Principles, Third Edition, Principle 9; Seventh Circuit Electronic Discovery Pilot Program (Second Ed. Jan. 2018), Principle 2.04(d) (ESI "generally [] not discoverable in most cases" includes "'deleted,' 'slack,' 'fragmented,' or 'unallocated' data"; metadata "that are frequently updated automatically, such as 'last-accessed' timestamps"; and "other forms of ESI whose preservation requires **extraordinary** affirmative measures" (emphasis added)); *see also Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 320 (S.D.N.Y. 2003).

face of such precedent, Plaintiffs have offered no explanation for why such **extraordinary** preservation is required. In fact, Plaintiffs are *completely silent* in the face of direct, repeated questions as to how they discharged their burden to explain the potential relevance of this untethered discovery—and why such factors would outweigh Defendants' demonstrated burden.[7] Absent that required showing, Defendants' substantiation of each source's preservation burden is more than sufficient to merit the protective order requested here.[8]

### IV. Plaintiffs' Opposition Seeks Impermissible Discovery-on-Discovery.

Plaintiffs ignore Defendants' evidence of burden and also ignore their own representations during the February 19 hearing that declarations on the burden associated with the Disputed Data Sources would "move[] the needle" toward agreement. Hearing Tr. at 6:15–7:4; *see also id.* at 22:20–24:5; Opp. Br. at 2 (noting that Plaintiffs had "pressed Defendants for 'a particularized showing of burden,'" such as declarations).

Plaintiffs' instead attempt to turn this into a sideshow of impermissible "discovery-on-discovery," which should be halted, especially as the Disputed Data Sources are commonly understood to be garden variety candidates for exclusion from preservation obligations due to their inherently burdensome, inaccessible, and irrelevant nature. *See LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 156–57 (N.D. Ill. 2023) ("discovery on discovery" is that which is "directed

---

[7] *See* Fed. R. Civ. P. 26(b)(2)(C) advisory committee's note to 2006 amendment (while responding party has the burden to show the sources are not reasonably accessible, "[t]he requesting party has the burden of showing that its need for the discovery outweighs the burdens and costs of locating, retrieving, and producing the information"); *see also Small*, 2016 WL 7228863, at *10.

[8] Plaintiffs make much ado about Defendants' supposed "silence" on the potential relevance of the Disputed Data Sources. *See* Opp. Br. at 4–5. Setting aside that it is *Plaintiffs* who bear the burden and "are in the best position to explain the importance of the requested discovery" in the Disputed Data Sources (*see supra* at 3-4), *Small*, 2016 WL 7228863, at *10, the record here—including the February 19 hearing transcript and the exhibits to Plaintiffs' own brief—reflect that Defendants have informed Plaintiffs of their position that, based on reasonable inquiry and belief, there is no reason to believe the Disputed Data Sources contain relevant information, particularly in a case that centers on previously produced source code. *See, e.g.* Opp. Br. Exs. 15; 17 at 2–3, 5; Hearing Tr. at 19:11–15.

toward the information gathering and production process"; "[a]ll [courts across the country] agree that enabling this type of discovery should be rare and certainly the exception, not the norm"). Such discovery is a "rabbit hole," *Gross v. Chapman*, No. 19 C 2743, 2020 WL 4336062, at *2 (N.D. Ill. July 28, 2020), that is certainly not warranted here. The Disputed Data Sources contain little, if any, human-created, complete, or readable content. Instead, they contain fragments of data, multitudes of system logs of computer and network activity, or outdated, unintelligible data. In short, no extraordinary circumstances justify their preservation or discovery-on-discovery.

## CONCLUSION

For the above reasons, the Court should grant Defendants' motion for a protective order modifying Paragraph 2 of the As-Entered ESI Protocol.

Dated: June 3, 2025

Respectfully submitted,

By: */s/ Anthony J Weibell*

Anthony J Weibell
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
AWeibell@mayerbrown.com

*Lead Counsel for All Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the above document was served upon the attorneys of record for each party through the Court's electronic filing service on this date, which will send notification of such filing to the e-mail addresses registered.

Dated: June 3, 2025

                     */s/ Anthony J Weibell*