UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. IN APP BROWSER PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 2948-A<br><br>Master Docket No. 24 CV 2110<br><br>**JOINT MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge Rebecca R. Pallmeyer |

Pursuant to Federal Rule of Civil Procedure 5.2, Northern District of Illinois Local Rule 5.8 and 26.2(c), and pursuant to the First Amended Agreed Confidentiality Order (Dkt. 111, the "Confidentiality Order"), Plaintiffs Austin Recht, Delaney Arnold, Steve Berrios, Anibeth Bravo, Bradley Fugok, Jessica Gann, Sean Guzman, Katie Murphy, Christi Stowers, and Michael Walsh ("Plaintiffs") and Defendants TikTok Inc. ("TTI"), ByteDance Inc., and ByteDance Ltd. ("Defendants") (collectively, the "Parties") hereby respectfully move the Court for leave to file the following documents under seal:

- Joint Statement re: Plaintiffs' Motion to Compel (the "**MTC**");

- Declaration of Roland Tellis in Support of (1) Plaintiffs' Motion to Compel and (2) Plaintiffs' Opposition to Defendant TikTok Inc.'s Motion for Protective Order (the "**Tellis Declaration**");

- Declaration of Sam Malek, Ph.D. in Support of (1) Plaintiffs' Motion to Compel and (2) Plaintiffs' Opposition to Defendant TikTok Inc.'s Motion for Protective Order with exhibits thereto (the "**Malek Declaration**");

- Declaration of Sterling L. Cluff in Support of (1) Plaintiffs' Motion to Compel and (2) Plaintiffs' Opposition to Defendant TikTok Inc.'s Motion for Protective Order with exhibits thereto (the "**Cluff Declaration**");

- Joint Statement re: Defendant TikTok Inc.'s Motion for Protective Order (the "**MPO**");

- Declaration of Anthony J Weibell in Support of (1) Defendant TikTok Inc.'s Motion for Protective Order and (2) TikTok Inc.'s Opposition to Plaintiffs' Motion to Compel with exhibits thereto (the "**Weibell Declaration**"); and

- Declaration of Warren Solow (the "**Solow Declaration**," collectively, the "Discovery Motions and Supporting Documents").

The Parties agreed and have provisionally filed the Discovery Motions and Supporting Documents under seal contemporaneously with this motion, in accordance with Local Rule 26.2(c).

In support of this motion, the Parties state as follows:

1

1. The Confidentiality Order permits the Parties to designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" ("Confidential Information"), "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Highly Confidential Information"), or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("Source Code"). Confidentiality Order ¶ 4(a).

2. The Confidentiality Order requires the Parties to comply with Local Rule 26.2 and file under seal any documents that: (1) reference or quote a document designated as Confidential Information, Highly Confidential Information, or Source Code; or (2) are designated as Confidential Information, Highly Confidential Information, or Source Code. Confidentiality Order ¶ 8.

3. The Discovery Motions and Supporting Documents contain, refer to, or discuss confidential information of TTI that is not publicly available, including but not limited to: (1) TTI's highly sensitive and proprietary source code; (2) details about TTI's internal discovery process and associated costs, such as hourly estimates for specific discovery tasks and vendor rates; (3) sensitive commercial and technical information about TTI's products and business that TTI has maintained as confidential; (4) private information of TikTok employees, such as employee hourly wages. Certain documents referenced, quoted by, or attached to Discovery Motions and Supporting Documents are designated as Highly Confidential Information and Source Code by TTI. Specifically:

   a. The MTC, MPO and the Malek Declaration contain and discuss TTI's highly sensitive and proprietary source code.

   b. The MTC, MPO, the Cluff Declaration and certain exhibits attached thereto reveal details about TTI's internal discovery process and associated costs.

c. The Weibell Declaration and the Cluff Declaration attach exhibits designated as "Highly Confidential – Source Code" and/or "Highly Confidential – Attorneys' Eyes Only" under the Confidentiality Order. *See* Weibell Decl. Exs. 1, 9, 10; Cluff Decl. Exs. 1, 2, 51, 52, 56. In addition, the Weibell Declaration and other exhibits attached thereto, and the Tellis Declaration contain discussion regarding the TikTok app that TTI has maintained as confidential.

d. The Solow Declaration contains significant detail about TTI's internal discovery process and associated costs, including vendor rates and employee hourly wages. This information is not publicly known and is maintained as confidential by the company as competitively sensitive and to protect the private information of its employees.

4. The Seventh Circuit has recognized that a court may seal certain information for "good cause" shown. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (Rule 26 authorizes the Court to issue an "order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record"); *see also* Fed. R. Civ. P. 26(c)(1)(G) (a district court may "for good cause . . . require[ ] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way").

5. Good cause exists to seal the Discovery Motions and Supporting Documents. These materials contain, refer to or discuss confidential information that is "important to [TTI's] business," and the "disclosure … would give [TTI] a competitive disadvantage." *FTC v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012). Courts in this district routinely permit the sealing of documents containing similar types of confidential information. *See Doe by & through Doe v. Apple Inc.*, No. 3:20-CV-421-NJR, 2025 WL 947949, at *2 (S.D. Ill. Mar. 28,

3

2025) (granting motion to maintain information related to intellectual property, research and development, and source code under seal); *see also OSF Healthcare Sys.*, 2012 WL 1144620, at *4 (good cause exists to seal confidential commercial information and trade secrets).

6. The materials subject to this Motion are also precisely the type of disclosure the Confidentiality Order seeks to prevent. Confidentiality Order ¶ 6(a). In fact, the Confidentiality Order expressly requires the Parties to file any document containing "Highly Confidential – Source Code" under seal. *Id.* ¶ 6(e)(10). The Confidentiality Order also requires that the Parties designate and treat as confidential the types of information at issue here. *Id.* ¶¶ 3–4.

WHEREFORE, the Parties hereby move the Court for leave to file the documents described above under seal.

Dated: August 6, 2025  Respectfully submitted,

*/s/ Roland Tellis*
Roland Tellis
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
(818) 839-2333
rtellis@baronbudd.com

*Chair, Plaintiffs' Steering Committee*

*/s/ Anthony J Weibell*
Anthony J Weibell
**MAYER BROWN LLP**
Two Palo Alto Square, Suite 300 Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com

*Lead Counsel for All Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party through the Court's electronic filing service on this date, which will send notification of such filing to the e-mail addresses registered.

Dated: August 6, 2025

*/s/ Anthony J Weibell*